CAROLYN HUNT COTTRELL (SBN 166977)
Email: ccottrell@schneiderwallace.com
ORI EDELSTEIN (SBN 268145)
Email: oedelstein@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105

RYAN M. HECHT (SBN 322396)
Email: rhecht@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105

*Attorneys for Plaintiff, on behalf of the Class members*

FILED
CLERK, U.S. DISTRICT COURT
July 20, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ____MM____ DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID RAMIREZ, on behalf of himself and the Class members,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION and THRIFTY PAYLESS, INC.,<br><br>Defendants. | Case No. 2:20-cv-03531-GW-SKx<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff David Ramirez, individually and on behalf of all others similarly situated, brings this class action against Defendant Rite Aid Corporation ("Rite Aid") and Defendant Thrifty Payless, Inc. ("Thrifty Payless") (together "Defendants") on behalf of individuals who have worked for Defendants as non-exempt hourly employees and have been subject to Defendants' security-check policies and practices (the "Class members"). Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked, including overtime, and have been forced to wait in security-check lines while off-the-clock. This case implicates Defendants' longstanding policies and practices, which fails to properly compensate non-exempt employees for work performed while "off-the-clock."

2. Defendants' conduct violates California law by knowingly and willfully requiring Plaintiff and Class members to perform work and/or remain on duty for the benefit of Defendants while off-the-clock. Plaintiff and Class members bring these claims to challenge Defendants' policies and practices of: (1) failing to pay Plaintiff and Class members for all hours worked; (2) failing to pay Plaintiff and Class members all minimum wages owed; (3) failing to pay Plaintiff and Class members overtime wages; and (4) failing to provide Plaintiff and Class members accurate, itemized wage statements.

3. Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of himself and Class members under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants have integrated into its time tracking, payroll, and security policies across their stores throughout California that have deprived Plaintiff and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and at least one of the Defendants

are citizens of different states. Moreover, the number of proposed class members in California is believed to exceed 100.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

6. Plaintiff David Ramirez is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles. Plaintiff was employed as a non-exempt supervisor by Defendants at Rite Aid in Los Angeles, California from December 2011 to the Present.

7. The Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to supervisors, cashiers, attendants, pharmacists, custodians, security guards, stockers, and other hourly and non-exempt employees throughout the State of California within the four years preceding the filing of this Complaint.

8. Plaintiff is informed, believes, and thereon alleges that Defendant Rite Aid is a Pennsylvania corporation with its principal place of business located in Camp Hill, Pennsylvania, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

9. Plaintiff is informed, believes, and thereon alleges that Defendant Thrifty Payless, Inc. is a California corporation with its principal place of business located in Camp Hill, Pennsylvania, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

10. Plaintiff is informed, believes, and thereon alleges that Defendants own, operate, and/or manage a chain of drugstores throughout the United States, including Rite Aid stores throughout California. Plaintiff is informed, believes, and thereon alleges that Defendants employ Class

members, among other hourly employees, throughout California.

11. Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of its agents, managers, and employees throughout all of their stores in California.

13. At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this County, and have employed Class members in this County and elsewhere in California. Defendants are "person[s]" as defined in Labor Code § 18 and "employer[s]" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions.

## FACTUAL ALLEGATIONS

14. Defendants operate a chain of drugstores throughout the United States and California, including the drugstore on 7900 Sunset Blvd., which is located in Los Angeles, California. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

15. Plaintiff worked as a non-exempt supervisor from December 2011 through the present. Plaintiff is paid at an hourly rate of $17.75 and regularly works in excess of eight hours a day, and on average, 37 hours per week. On average, Plaintiff worked more than 8 hours per shift at least two times per week, every week worked.

16. As a matter of course, Defendants routinely make their employees wait in security-check lines for an average of five-to-ten minutes or longer while its employees are clocked out and off-the-clock. The time spent waiting in these security check lines is compensable, but nevertheless goes unpaid.

17. As a result of these policies, Defendants deny Plaintiff and Class members

compensation which they are lawfully owed, as well as the overtime premiums resulting from the additional off-the-clock, post-shift work.

18. Plaintiff is informed, believes, and thereon alleges that this same security-check system is used across all Defendants' facilities throughout California.

19. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendants have failed to record hours that Plaintiff and Class members worked off the clock.

20. Defendants' failure to record all hours worked results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect the actual hours worked by Plaintiff and Class members. The wage statements do not contain off-the-clock work. Further, the wage statements are inaccurate because they do not include premium pay for overtime work that was performed while off-the-clock.

21. Class members report to facilities owned, operated, or managed by Defendants to perform their jobs.

22. Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

23. Class members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs, including the security check requirement.

24. At the end of each pay period, Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

25. Defendants pay Class members on an hourly rate basis.

26. Upon information and belief, Class members worked more than 8 hours a day, and more than forty hours in at least one workweek during the four years before this Complaint was filed.

27. Defendants employ, or employed, thousands of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

28. Defendants' method of paying Plaintiff and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with California law.

29. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendants have failed to record hours that Plaintiff and Class members work while off the clock.

30. Defendants' conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## **RULE 23 CLASS ACTION ALLEGATIONS**

31. Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt workers employed by Defendants in their retail stores throughout California any time starting four years prior to the filing of this Complaint until resolution of this action.**

32. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

33. Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

34. Commonality: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common

questions of law and fact include, but are not limited to:

    a. Whether Defendants fail to compensate Class members for all hours worked, including as overtime compensation, in violation of the Labor Code and Wage Orders;

    b. Whether Defendants have a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

    c. Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the Labor Code and Wage Orders;

    d. Whether Defendants violate Business and Professions Code §§ 17200 et seq., by:

        (a) failing to compensate Class members for all hours worked, including at minimum wage and as overtime compensation;

        (b) failing to pay Class members minimum wage for all hours worked; and

        (c) failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members.

    e. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

35. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

36. <u>Adequacy of Representation</u>: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class

members.

37. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

38. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

39. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

40. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the <u>California Labor Code § 204</u>**
**(On Behalf of the Class)**

41. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

42. Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

43. Defendants regularly schedule Plaintiff and the putative Class members to work shifts of eight hours. However, Defendants intentionally and willfully require Plaintiff and the Class members to complete additional work off-the-clock. For example, for every shift worked, Plaintiff and putative Class members are required to first clock out and then wait in security-check lines for an average of five-to-ten minutes before leaving the premises. Plaintiff and Class members are not compensated for this work. As a result, Defendants fail to pay Plaintiff and the Class members for all hours worked and fail to track their actual hours worked.

44. Labor Code § 204 provides in part that "all wages, ..., earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

45. Labor Code §1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

46. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

47. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

48. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

49. Defendants require Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants without compensation.

50. In violation of California law, Defendants knowingly and willfully refuse to perform its obligations to provide Plaintiff and the Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the Class actually work or to compensate them for hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

51. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

52. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

53. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54. During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

55. Defendants maintain, and have maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time spent in security check lines, which is time worked that is uncompensated.

56. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined

at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

57. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages Pursuant to Labor Code § 510
### (On Behalf of the Class)

58. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

59. Defendants do not compensate Plaintiff and Class members with appropriate overtime, including time and a half and double time, as required by California law.

60. Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

61. The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

62. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

63. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

64. Defendants regularly require Plaintiff and Class members to work in excess of eight hours per day and/or forty hours per week, but do not compensate them at an overtime rate for all of this work.

65. Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

66. Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

67. Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

68. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

69. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

70. Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

71. Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

72. IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

73. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

74. Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

75. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class

members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

76. Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

77. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided

### FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200 *et seq*.
### (On Behalf of the Class)

78. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

79. California Business and Professions Code § 17200, et seq., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

80. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

81. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

82. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    f. violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

    g. violations of Labor Code § 510 and Wage Order 4-2001 pertaining to overtime; and

      h. violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

83. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 et seq.

84. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et seq. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

85. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

86. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

87. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

88. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

89. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of the Class members, requests the following relief:

1. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

2. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

3. For a declaratory judgment that Defendants violated the California Labor Code, California law, and public policy as alleged herein;

4. For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6. For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

7. For an order awarding Plaintiff and Class members civil penalties pursuant to the

|     |     |     |
| --- | --- | --- |
| 1   |     | California Labor Code, and the laws of the State of California, with interest thereon; |
| 2   | 8.  | For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law; |
| 5   | 9.  | For all costs of suit; |
| 6   | 10. | For interest on any penalties awarded, as provided by applicable law; and |
| 7   | 11. | For such other and further relief as this Court deems just and proper. |

Respectfully submitted,

Date: July 17, 2020

_____

Carolyn H. Cottrell
Ori Edelstein
Ryan M. Hecht
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiff and Class Members

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: July 17, 2020

_____
Carolyn H. Cottrell
Ori Edelstein
Ryan M. Hecht
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiff and Class members