Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Ryan M. Hecht (SBN 322396)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@Schneiderwallace.com
oedelstein@Schneiderwallace.com
rhecht@schneiderwallace.com

Randall B. Aiman-Smith (SBN 124599)
Reed W.L. Marcy (SBN 191531)
Hallie Von Rock (SBN 233152)
Carey A. James (SBN 269270)
Brent A. Robinson (SBN 289373)
AIMAN-SMITH & MARCY PC
7677 Oakport St. Suite 1150
Oakland, CA 94621
Tel: (510) 817-2711 Fax: (510) 562-6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com

*Attorneys for Plaintiffs and on behalf of
others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAMIREZ and MARION LEMONS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC., and DOES 1-10, inclusive.<br><br>        Defendants. | Case No. 2:20-cv-03531-GW-SKx (Consolidated with Case No. 2:20-cv-07617-GW-SKx)<br><br>**CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.      Plaintiffs David Ramirez and Marion Lemons (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Defendant Rite Aid Corporation ("Rite Aid") and Defendant Thrifty Payless, Inc. ("Thrifty Payless") (collectively "Defendants") on behalf of individuals who have worked for Defendants as non-exempt hourly employees (the "Class Members"). Throughout the relevant time period, Plaintiffs and Class Members have been denied payment for all hours worked, including overtime; have been forced to wait in security-check lines and to undergo security-checks while off-the-clock; were not provided code compliant meal breaks; were not provided accurate, itemized wage statements; were not paid on regularly-scheduled paydays; and were not paid all wages due at separation of employment. This case implicates Defendants' longstanding policies and practices, which fail to properly compensate non-exempt employees for work performed while "off-the-clock."

2.      Plaintiffs further bring a representative action behalf of the State of California and Aggrieved Employees pursuant to the Private Attorneys General Act of 2004 ("PAGA") to collect civil penalties arising from Defendants' labor law violations committed against all Aggrieved Employees.  The Aggrieved Employees are all people who are or were employed by Defendants in California as a non-exempt employee at any time from May 6, 2019 through the trial date.

3.      Defendants' conduct violates California law by knowingly and willfully requiring Plaintiffs, Class Members, and Aggrieved Employees to perform work and/or remain on duty for the benefit of Defendants while off-the-clock and during their meal breaks. Plaintiffs, Class Members, and Aggrieved Employees bring these claims to challenge Defendants' policies and practices of: (1) failing to pay Plaintiffs, Class Members, and Aggrieved Employees for all hours worked; (2) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all minimum wages owed; (3) failing to pay Plaintiffs, Class Members, and Aggrieved Employees overtime wages; (4) failing to provide Plaintiffs, Class Members, and Aggrieved Employees lawful meal periods; (5) failing to provide Plaintiffs, Class Members, and Aggrieved Employees accurate, itemized wage statements; (6) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all wages due on regularly-scheduled

paydays; and (7) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all wages due at separation of employment.

4.     Plaintiffs file this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of themselves, Class Members, the State of California, and Aggrieved Employees. Plaintiffs seek to remedy the sweeping practices Defendants have integrated into their time tracking, payroll, and security policies across their stores throughout California that have deprived Plaintiffs, Class Members, and Aggrieved Employees of their lawfully-earned wages.

5.     All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

6.     Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

### SUBJECT MATTER JURISDICTION AND VENUE

7.     This court has jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiffs and at least one of the Defendants are citizens of different states. Moreover, the number of proposed class members in California is believed to exceed 100.

8.     This Court has personal jurisdiction over Defendants because Defendants have significant contacts with California by virtue of their extensive business operations in California, and Defendants have purposefully availed themselves of the privileges and immunities of conducting business in California.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this district, including Plaintiff Ramirez, and a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

### PARTIES

10.    Plaintiff David Ramirez is an individual over the age of eighteen, and at all times

relevant to this Complaint was a resident of the State of California, County of Los Angeles.  Plaintiff Ramirez is currently employed as a non-exempt supervisor by Defendants at Rite Aid in Los Angeles, California, and has been employed by Defendants since December 2011.

11.     Plaintiff Marion Lemons is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of Vallejo, California.  Plaintiff Lemons was employed by Defendants from approximately April 1999 until approximately November of 2019.  She worked as a non-exempt retail employee at the Rite Aid store in Vallejo, California.

12.     The Class Members are all people who are, or who have been, employed by Defendants in California as hourly non-exempt employees – including but not limited to supervisors, cashiers, attendants, pharmacists, custodians, security guards, stockers, and other hourly and non-exempt employees – at any time since April 16, 2016 (four years preceding the filing of the original *Ramirez* Complaint).

13.     The Aggrieved Employees are all people who are or were employed by Defendants in California as non-exempt employee at any time from May 6, 2019 through the trial date.

14.     Plaintiffs are informed, believe, and thereon allege that Defendant Rite Aid Corporation is a Delaware corporation with its principal place of business located in Camp Hill, Pennsylvania, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

15.     Plaintiffs are informed, believe, and thereon allege that Defendant Thrifty Payless, Inc. is a California corporation with its principal place of business located in Camp Hill, Pennsylvania, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

16.     Plaintiffs are ignorant of the true names or capacities of Defendants named herein as Does 1 through 10, inclusive, and therefore sue these Defendants by these fictitious names.  When the names and capacities of these Defendants are ascertained, Plaintiffs will amend this complaint

CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

accordingly.  Each of the Defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

17.     Plaintiffs are informed, believe, and thereon allege that Defendants own, operate, and/or manage a chain of drugstores throughout the United States, including Rite Aid stores throughout California. Plaintiffs are informed, believe, and thereon allege that Defendants employ Class members and Aggrieved Employees, among other hourly employees, throughout California.

18.     Plaintiffs are informed, believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

19.     Plaintiffs are informed, believe, and thereon allege that Defendants directly control the operations of their agents, managers, and employees throughout all of their stores in California.

20.     At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this County, and have employed Class Members and Aggrieved Employees in this County and elsewhere in California.  Defendants are "person[s]" as defined in Labor Code § 18 and "employer[s]" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions.

## **FACTUAL ALLEGATIONS**

21.     Defendants operate a chain of drugstores throughout the United States, and approximately 550 stores in California. Defendants employ thousands of hourly non-exempt workers similarly situated to Plaintiffs in California.

22.     Plaintiff Ramirez has been employed by Defendants since December 2011. He currently works as a non-exempt supervisor at the Rite Aid on 7900 Sunset Blvd., located in Los Angeles, CA. Plaintiff Ramirez is paid at an hourly rate of $18.25 and regularly works in excess of eight hours a day, and on average, 37 hours per week. On average, Plaintiff Ramirez works more than 8 hours per shift at least two times per week, every week worked.

23.     Plaintiff Lemons was employed by Defendants from April 1999 to approximately November 2019, as a nonexempt retail employee at Defendants' retail store in Vallejo, California. Plaintiff Lemons was paid an hourly rate of $16.25, and on average, worked at least one hour or more of overtime per pay period.

24.     As a matter of course, Defendants routinely make their employees wait in security-check lines and undergo security-checks for an average of five-to-ten minutes or longer while clocked out and off-the-clock. Plaintiffs, Class Members, and Aggrieved Employees are also subjected to searches while they are clocked out for unpaid periods purported by Defendants to be meal periods.  Plaintiffs, Class Members, and Aggrieved Employees remain under Defendants' direction and control during these searches. The time spent waiting for and undergoing these security-checks is compensable, but nevertheless goes unpaid.

25.     Many of the hours for which Defendants have failed to compensate Plaintiffs, Class Members, and Aggrieved Employees by conducting security searches off the clock are hours worked over 40 hours in a week, over 8 hours in a day, and/or over 12 hours in a day.  Accordingly, these employees are entitled to time and a half and/or double time pay for many of the hours for which Defendants failed to pay compensation.

26.     Defendants also fail to provide Plaintiffs, Class Members, and Aggrieved Employees with meal periods of not less than 30 minutes, uninterrupted and relieved of all duties. The mandatory security-searches conducted by Defendants interrupt the meal periods of Plaintiffs, Class Members, and Aggrieved Employees and result in meal periods of less than 30 minutes.  Defendants do not pay Plaintiffs, Class Members, and Aggrieved Employees one hour of pay for each workday that Defendants fail to provide them with meal periods, nor do they pay for the time during putative meal periods during which Plaintiffs, Class Members, and Aggrieved Employees are required to undergo security searches.

27.     As a result of these policies, Defendants deny Plaintiff, Class Members, and Aggrieved Employees compensation which they are lawfully owed, as well as the overtime premiums resulting from the additional off-the-clock work.

28.    Plaintiffs are informed, believe, and thereon allege that the same security-check system and meal break policies are used across all of Defendants' stores in California.

29.    Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiffs, Class Members, and Aggrieved Employees. In particular, Defendants have failed to record hours that Plaintiff, Class Members, and Aggrieved Employees work off the clock.

30.    Defendants' failure to record all hours worked results in a failure to provide Plaintiffs, Class Members, and Aggrieved Employees accurate, itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because, by omitting time spent waiting for and undergoing security-searches, they do not reflect the actual hours worked or the gross wages earned by Plaintiffs, Class Members, and Aggrieved Employees.  Further, by omitting time spent waiting for and undergoing security-searches, including such time that should be paid at overtime rates, the wage statements provided by Defendants do not accurately report the number of hours worked at each hourly rate of pay in effect during the pay period.

31.    Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendants have failed to record hours that Plaintiffs and Class Members work while off the clock.

32.    As a result, Defendants also fail to pay Plaintiffs, Class Members, and Aggrieved Employees all wages due on regularly-scheduled paydays because Plaintiffs, Class Members, and Aggrieved Employees are not permitted to record the time during which they are subjected to security searches and are not paid for this time.

33.    Moreover, Defendants also failed to pay all wages due to those Plaintiffs, Class Members, and Aggrieved Employees who left their employment with Defendants or were terminated by Defendants. Defendants willfully failed to pay said employees all wages due upon termination or within 72 hours of their resignation.  Defendants failed to pay said employees all wages due upon termination or within 72 hours of said employees' resignation because, *inter alia*, Plaintiffs, Class Members, and Aggrieved Employees are required to work off-the-clock and are not paid wages for

this off-the-clock time, as alleged herein.

34.     Defendants have paid Plaintiffs, Class Members, and Aggrieved Employees less than the promised hourly rate (i.e., nothing at all) for security searches, in violation of Labor Code § 223.

35.     Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unfair and unlawful business practice in violation of California Business & Professions Code § 17200, *et seq.*

36.     Plaintiffs also seek to enjoin Defendants' unlawful practices as described herein. Plaintiffs have been injured in fact and have lost money and property as a result of these practices, and bring their claim for injunctive relief to prevent further harm to the public at large, which continues to face and suffer harm as a result of Defendants' practices.  Plaintiffs seek preliminary and permanent injunctions to prohibit Defendants' ongoing unlawful acts, which threaten future injury to the public.

37.     Class Members and Aggrieved Employees report to facilities owned, operated, or managed by Defendants to perform their jobs.

38.     Class Members and Aggrieved Employees perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

39.     Class Members and Aggrieved Employees are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs, including the security check requirement.

40.     At the end of each pay period, Class Members and Aggrieved Employees receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

41.     Defendants pay Class Members and Aggrieved Employees on an hourly rate basis.

42.     Upon information and belief, Class Members and Aggrieved Employees worked more than 8 hours a day, and more than forty hours in at least one workweek during the four years before April 16, 2020, the date the original *Ramirez* Complaint was filed.

43.     Defendants employ, or employed, thousands of people similarly situated to Plaintiffs

CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

during the four-year period prior to April 16, 2020, the date the original *Ramirez* Complaint was filed.

44.     Defendants' method of paying Plaintiffs, Class Members, and Aggrieved Employees was willful, and was not based on a good faith and reasonable belief that their conduct complied with California law.

45.     Defendants' conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

46.     Plaintiffs bring causes of action as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiffs seek to represent is defined as follows:

> **All current and former hourly, non-exempt workers employed by Defendants in their retail stores throughout California at any time from April 16, 2016 until resolution of this action.**

47.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

48.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believe that the number of Class Members exceeds 1000. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

49.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a.  Whether Defendants fail to compensate Class Members for all hours worked, including minimum wage and overtime compensation, in violation of the Labor Code and Wage Orders;

b.  Whether Defendants, as a matter of common policy, fail to provide Class Members with legally-sufficient meal periods, in violation of the Labor Code and Wage Orders;

c.  Whether Defendants have a policy and/or practice of requiring Class Members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

d.  Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class Members in violation of the Labor Code and Wage Orders;

e.  Whether Defendants violate Business and Professions Code § 17200 *et seq*. by:

   (a) failing to compensate Class Members for all hours worked, including at minimum wage and as overtime compensation;

   (b) failing to pay Class Members minimum wage for all hours worked;

   (c) failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class Members; and

   (d) failing to authorize, permit, and/or make available meal breaks to Class Members, in violation of the Labor Code and Wage Orders;

f.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Class as alleged herein;

g.  Whether Defendants will, unless enjoined, continue the practices alleged herein; and

h.  The terms and conditions of the injunction to be issued against Defendants.

50.  <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiffs and Class Members

CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

51.     Adequacy of Representation:  Plaintiffs seek relief for state law violations perpetrated by Defendants. In that sense, Plaintiffs do not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

52.     Predominance of Common Issues:  Questions of law and fact common to the Class, including the common questions described above, predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.  Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.  The identity of each member of the proposed Class can be established by uniform records maintained by Defendants.

53.     Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

54.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

55.     If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit

1 and overwhelm the limited resources of each member of the Class with Defendants' vastly superior

2 financial legal resources.

3     56.    Requiring each individual Class Member to pursue an individual remedy would also

4 discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue

5 these claims against Defendants because of an appreciable and justifiable fear of retaliation and

6 permanent damage to their lives, careers, and well-being.

7
### FIRST CAUSE OF ACTION
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
8 **(On Behalf of the Class)**

9     57.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

10 herein.

11     58.    Defendants willfully engaged in and continue to engage in a policy and practice of not

12 compensating Plaintiffs and putative Class Members for all hours worked or spent in their control.

13     59.    Defendants regularly schedule Plaintiffs and the putative Class Members to work shifts

14 of eight hours. However, Defendants intentionally and willfully require Plaintiffs and the Class

15 Members to complete additional work off-the-clock. For example, for every shift worked, Plaintiffs

16 and putative Class Members are required to first clock out and then wait in security-check lines and

17 undergo security-checks for an average of five-to-ten minutes before leaving the premises. Plaintiffs

18 and Class Members are not compensated for this work. As a result, Defendants fail to pay Plaintiffs

19 and the Class Members for all hours worked and fail to track their actual hours worked.

20     60.    Labor Code § 204 provides in part that "all wages, ..., earned by any person in any

21 employment are due and payable twice during each calendar month, on days designated in advance

22 by the employer as the regular paydays."

23     61.    Labor Code §1194(a) provides as follows:

24
    Notwithstanding any agreement to work for a lesser wage, any
25     employee receiving less than the legal minimum wage or the legal
    overtime compensation applicable to the employee is entitled to
    recover in a civil action the unpaid balance of the full amount of this
26     minimum wage or overtime compensation, including interest
    thereon, reasonable attorneys' fees, and costs of suit.
27

28

---
11

62.     Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

63.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

64.     IWC Wage Orders 4-2001(2)(K) and  7-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

65.     Defendants require Plaintiffs and the Class to work off-the-clock without compensation.  In other words, Plaintiffs and the Class are forced to perform work for the benefit of Defendants without compensation.

66.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiffs, and the Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiffs and the Class actually work or to compensate them for hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiffs' and the Class Members' rights. Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

67.     As a proximate result of the aforementioned violations, Plaintiffs, and the Class have been damaged in an amount according to proof at time of trial.

68.     Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

69.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

70.     During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

71.     Defendants maintain, and have maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and Class Members frequently work time off-the-clock during time spent in security-check lines and undergoing security-checks, which is time worked that is uncompensated.

72.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiffs and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

73.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

74.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

75.     Defendants do not compensate Plaintiffs and Class Members with appropriate overtime, including time and a half and double time, as required by California law.

76.     Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay

for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

77. The IWC Wage Orders 4-2001(3)(A)(1) and 7-2001(3)(A)(1) state:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

78. Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

79. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

80. Defendants regularly require Plaintiffs and Class Members to work in excess of eight hours per day, forty hours per week, and/or on the 7th consecutive day of work in a workweek, but do not compensate them at an overtime rate for all of this work.

81. Plaintiffs and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

82.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Class Members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and Class Members in amounts to be determined according to proof at time of trial.

83.     Defendants are liable to Plaintiffs and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

84.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### Failure to Authorize and Permit and/or Make Available Meal Periods
### Pursuant to Labor Code §§ 226.7 and 512
#### (On Behalf of the Class)

85.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

86.     Defendants routinely do not make compliant meal periods available to Plaintiffs and Class Members. Plaintiffs and Class Members are subjected to searches while they are clocked out for unpaid periods purported by Defendants to be meal periods. These mandatory security searches conducted by Defendants interrupt Plaintiffs' and Class Members' purported meal periods and result in meal periods of less than 30 minutes. Plaintiffs and Class Members remain under Defendants' direction and control during these searches and, as such, they should be compensated for this time.

87.     Defendants do not pay Plaintiffs and Class Members one hour of pay for each workday that Defendants fail to provide Plaintiffs and Class Members lawful meal periods, nor do they pay for the time during putative meal periods in which Plaintiffs and Class Members are required to undergo security searches.

88.     Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal periods to their employees. Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day

without providing the employee with a second meal period of not less than thirty minutes. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

89.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

90.     Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiffs and the Class the ability to take the off-duty meal periods to which they are entitled. Defendants have also failed to pay Plaintiffs and the Class one hour of pay for each off-duty meal period that they are denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b) and Wage Orders 4 and 7, § 11, Plaintiffs and the Class are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

91.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

92.     Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

93.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

94.     Defendants do not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law.

95.     Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or

separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96. IWC Wage Orders 4-2001(7) and 7-2001(7) establish similar wage statement requirements.

97. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

98. Plaintiffs seek to recover actual damages, costs and attorneys' fees under this section.

99. Defendants do not provide timely, accurate itemized wage statements to Plaintiffs and putative Class Members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiffs and putative Class Members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

100. Defendants are liable to Plaintiffs and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

101.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

102.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

103.    Defendants do not provide Plaintiffs and Class Members with their wages when due under California law after their employment with Defendants ends.

104.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

105.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

106.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

107.    Plaintiff Lemons and some of the putative Class Members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from the time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

108.    Defendants willfully refused and continue to refuse to pay Plaintiffs and Class Members all the wages that were due and owing to them, in the form of off-the-clock work, overtime,

and meal period premium pay, upon the end of their employment as a result of Defendants' willful failure to provide Class Members with payment for all hours worked, overtime, and meal breaks. As a result of Defendants' actions, Plaintiffs and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

109.   Defendant's willful failure to pay Plaintiffs and Class Members the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to Plaintiffs and Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

110.   In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Class Members are entitled to penalties pursuant to Labor Code § 203, plus interest.

111.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Failure to Pay all Wages Due on Regularly-Scheduled Paydays Pursuant to Labor Code §§ 204 and 204b

112.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

113.   California Labor Code §§ 204 and 204b require employers, including Defendants, to pay employees all wages due on regularly-scheduled paydays.

114.   As alleged herein, Defendants have failed to pay Plaintiffs and Class Members all wages due on regularly-scheduled paydays.

115.   As a direct and proximate result of Defendants' failure to pay Plaintiffs and Class Members all wages due on regularly-scheduled paydays, Plaintiffs and Class Members have been injured in an amount to be proved at trial, as well as interest, costs, and attorney's fees as provided by California law.

116.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq*.**
**(On Behalf of the Class)**

117.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

118.   California Business and Professions Code § 17200, *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

119.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

120.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

121.   Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

   a.   violations of Labor Code § 1194 and IWC Wage Orders 4-2001 and 7-2001 pertaining to payment of wages;

   b.   violations of Labor Code § 510 and Wage Orders 4-2001 and 7-2001 pertaining to overtime;

   c.   violations of Labor Code §§ 226.7 and 512 and Wage Orders 4-2001 and 7-2001 pertaining to meal breaks;

   d.   violations of Labor Code §§ 201-203 pertaining to waiting time penalties; and

   e.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

122.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

123.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

124.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

125.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

126.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and putative Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

127.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay

attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

128.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

<h3 align="center">NINTH CAUSE OF ACTION</h3>
<b>Injunction Pursuant to California Business & Professions Code § 17200, <i>et seq.</i>)<br>(On Behalf of the Class)</b>

129.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

130.   Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair business practice in violation of California Business & Professions Code §§ 17200, *et seq.*

131.   Plaintiffs have been harmed by Defendants' prohibited unfair and unlawful business practices as alleged herein.

132.   Defendants continue to engage in the unfair and illegal practices alleged herein through the present day.

133.   Unless enjoined by this Court, Defendants will continue to engage in the unfair practices alleged herein.

134.   Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that Defendants permanently cease and desist from engaging in the unfair practices alleged herein and, further, that this Court make such orders as are necessary to monitor Defendants' compliance with said injunction.

135.   Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

<h3 align="center">TENTH CAUSE OF ACTION</h3>
<b>PAGA Civil Penalties Pursuant to Labor Code §§ 2698, <i>et seq.</i><br>(On Behalf of the State of California and the Aggrieved Employees)</b>

136.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

137.   Plaintiffs bring this cause of action under the California Private Attorneys General Act of 2004, Labor Code 2698, *et seq.*, on behalf of themselves and all Aggrieved Employees.

138.   The Aggrieved Employees are defined as follows: All individuals who are or who have been employed by Defendants in California as non-exempt employee at any time from May 6, 2019 through the trial date.

139.   As described herein, Defendants have violated Labor Code §§ 201, 202, 203, 204, 204b, 223, 226, 226.7, 510, 512, 558, 1174, 1197, 1198, and 1199, as well as IWC Wage Order Nos.4 and 7, with respect to Plaintiffs and all Aggrieved Employees, who have been injured as a result of these violations, and Plaintiffs and the Aggrieved Employees are entitled to civil penalties pursuant to Labor Code §§ 203, 210, 225.5, 226, 226.3, 256, 558, 1174.5, 1197.1, 2699, and other applicable law.

140.   Plaintiffs are Aggrieved Employees of Defendants as defined by Labor Code § 2699(c) because they were employed by Defendants, and Defendants' violations of the Labor Code and IWC Wage Order Nos. 4 and 7 as alleged herein were committed against them.

141.   Plaintiffs have satisfied the requirements of Labor Code § 2699.3 by giving written notice to the Labor and Workforce Development Agency and to Defendants as required by Labor Code § 2699.3(a)(1)(A), paying the filing fee required by Labor Code § 2699.3(a)(1)(B), and waiting the periods prescribed by Labor Code § 2699.3(a)(2)(A) before filing this claim.

142.   Accordingly, pursuant to California Labor Code § 2699, Plaintiffs are entitled to recover penalties on behalf of themselves and all Aggrieved Employees, and also to recover costs and attorneys' fees pursuant to California law, including Labor Code § 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of the Class Members, the State of California, and the Aggrieved Employees, request the following relief:

1.   An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

2.   Damages and restitution according to proof at trial for all unpaid wages and other

injuries, as provided by the California Labor Code and California Business and Professions Code;

3.    For a declaratory judgment that Defendants violated the California Labor Code, California law, and public policy as alleged herein;

4.    For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq.* as a result of the aforementioned violations of the California Labor Code;

5.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6.    For an order awarding Plaintiffs and the Class Members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts according to proof;

7.    For an order awarding Plaintiffs and Class Members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

8.    For an order awarding civil penalties to the full extent provided for by the PAGA;

9.    For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

10.   For all costs of suit;

11.   For interest on any penalties awarded, as provided by applicable law; and

12.   For such other and further relief as this Court deems just and proper.

1

2   Date: December 30, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

_____
Carolyn H. Cottrell
Ori Edelstein
Ryan M. Hecht
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

_____
Randall B. Aiman-Smith
Reed W.L. Marcy
Hallie Von Rock
Carey A. James
Brent A. Robinson
AIMAN-SMITH & MARCY PC

Attorneys for Plaintiffs, on behalf of
others similarly situated

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled

3

to a jury.

4

Respectfully submitted,

5

Date: December 30, 2020

6

7

Carolyn H. Cottrell
Ori Edelstein
Ryan M. Hecht
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

8

9

10

11

12

Randall B. Aiman-Smith
Reed W.L. Marcy
Hallie Von Rock
Carey A. James
Brent A. Robinson
AIMAN-SMITH & MARCY PC

13

14

15

Attorneys for Plaintiffs, on behalf of
others similarly situated

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT
*Ramirez, et al. v. Rite Aid Corporation, et al.*