GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
RITE AID CORPORATION and
THRIFTY PAYLESS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAMIREZ and MARION LEMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-03531-GW-SKx (Consolidated with Case No. 2:20-cv-07617-GW-SKx)<br><br>**DEFENDANT THRIFTY PAYLESS, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT** |

475799

1

In answer to plaintiff David Ramirez and Marion Lemons' ("Plaintiffs") Consolidated Class and Representative Action Complaint ("Consolidated Complaint"), defendant Thrifty Payless, Inc. ("TPI"), for itself and no other defendants, admits, denies, and alleges as follows:

## **INTRODUCTION**

1.      TPI admits only that Plaintiffs purport to bring a class action lawsuit against TPI and Rite Aid Corporation ("RAC") and that TPI has non-exempt hourly employees.  TPI lacks sufficient information to know what policies and practices Plaintiffs believe are implicated by their class action.  TPI denies the remaining allegations in Paragraph 1 of the Consolidated Complaint.

2.      TPI admits only that Plaintiffs purport to bring a representative action pursuant to the Private Attorneys General Act of 2004 ("PAGA") and that Plaintiffs purport to bring the claim on behalf of the State of California and non-exempt employees working in TPI's California retail stores.  The remaining allegations in Paragraph 2 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the remaining allegations in Paragraph 2 of the Consolidated Complaint.

3.      TPI lacks sufficient information to know why Plaintiffs, the purported Class Members and alleged Aggrieved Employees bring the claims set forth in the Consolidated Complaint, and on that basis denies that allegation.  TPI denies the remaining allegations in Paragraph 3 of the Consolidated Complaint.

4.      TPI admits only that Plaintiffs purport that they bring this class and representative action on behalf of themselves, purported Class Members and alleged Aggrieved Employees.  TPI lacks sufficient information to know why Plaintiffs filed this action or what practices and policies Plaintiffs seek to remedy.  TPI denies the remaining allegations in Paragraph 4 of the Consolidated Complaint.

/ / /

475799

1

5. TPI denies the allegations in Paragraph 5 of the Consolidated Complaint.

6. TPI denies the allegations in Paragraph 6 of the Consolidated Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

7. TPI admits only that Plaintiffs contend the amount in controversy is in excess of the minimum jurisdiction of this Court, and that Plaintiffs further contend that the number of proposed Class members exceeds 100. TPI admits that it has more than 100 non-exempt hourly employees in California. TPI admits that Plaintiffs and RAC are citizens of different states. TPI admits that, based on its understanding of the allegations in Plaintiffs' Consolidated Complaint, the Court has jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). The remaining allegations in Paragraph 7 of the Consolidated Complaint contain legal conclusions to which no answers are required. To the extent that answers are required, TPI denies the remaining allegations in Paragraph 7 of the Consolidated Complaint.

8. The allegations in Paragraph 8 of the Consolidated Complaint contain legal conclusions to which no answers are required. To the extent that answers are required, TPI denies the allegations in Paragraph 8 of the Consolidated Complaint.

9. TPI admits that it has employees in the Central District, including Plaintiff Ramirez. The remaining allegations in Paragraph 9 of the Consolidated Complaint contain legal conclusions to which no answers are required. To the extent that answers are required, TPI denies the remaining allegations in Paragraph 9 of the Consolidated Complaint.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

10.    TPI admits that Plaintiff Ramirez is over the age of eighteen and that he currently works for TPI as a non-exempt Shift Supervisor at a "Rite Aid" retail location in Los Angeles.  TPI lacks sufficient information to admit or deny the remaining allegations in Paragraph 10 of the Consolidated Complaint and on that basis denies them.

11.    TPI admits that Plaintiff Lemons is over the age of eighteen and that she was employed by TPI at a Rite Aid retail location in California from April 1999 until November 2019.  TPI lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Consolidated Complaint and on that basis denies them.

12.    TPI admits that it employs hourly non-exempt employees in the State of California.  TPI denies the remaining allegations in Paragraph 12 of the Consolidated Complaint.

13.    TPI admits that it employs hourly non-exempt employees in the State of California.  TPI denies the remaining allegations in Paragraph 13 of the Consolidated Complaint.

14.    TPI lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Consolidated Complaint and on that basis denies them.

15.    TPI admits the allegations in Paragraph 15 of the Consolidated Complaint.

16.    TPI lacks sufficient information to admit or deny the allegations in Paragraph 16 and on that basis denies them.

17.    TPI admits only that there are "Rite Aid" retail stores throughout the United States, including California, and that TPI employs hourly non-exempt employees throughout California who work in those "Rite Aid" stores.  TPI further admits that it employs non-exempt and exempt employees that operate and/or manage those "Rite Aid" stores in California.  TPI denies the remaining allegations

in Paragraph 17 of the Consolidated Complaint.

18.   TPI denies the allegations in Paragraph 18 of the Consolidated Complaint.

19.   TPI denies the allegations in Paragraph 19 of the Consolidated Complaint.

20.   TPI admits only that there are "Rite Aid" retail stores throughout the United States, including California, and that it has hourly employees throughout California that work in those "Rite Aid" stores.  The remaining allegations in Paragraph 20 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 20 of the Consolidated Complaint.

## FACTUAL ALLEGATIONS

21.   TPI admits only that there are "Rite Aid" retail stores located throughout the United States, including more than 500 stores in California.  TPI further admits that it employs thousands of hourly non-exempt workers in California.  The remaining allegations in Paragraph 21 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 21 of the Consolidated Complaint.

22.   TPI admits that TPI currently employs Plaintiff Ramirez at the "Rite Aid" retail store located at 7900 Sunset Blvd., in Los Angeles as a non-exempt shift supervisor.  TPI further admits that Plaintiff Ramirez's current hourly rate is $18.25.  TPI denies the remaining allegations in Paragraph 22 of the Consolidated Complaint.

23.   TPI admits that Plaintiff Lemons was employed by TPI and worked at the "Rite Aid" retail store located in Vallejo, California as a non-exempt employee through November 2019.  TPI further admits that Plaintiff Lemons' hourly rate was

$16.25 in November 2019.  TPI denies the remaining allegations in Paragraph 23 of the Consolidated Complaint.

24.    TPI denies the allegations in Paragraph 24 of the Consolidated Complaint.

25.    TPI denies the allegations in Paragraph 25 of the Consolidated Complaint.

26.    TPI denies the allegations in Paragraph 26 of the Consolidated Complaint.

27.    TPI denies the allegations in Paragraph 27 of the Consolidated Complaint.

28.    TPI denies the allegations in Paragraph 28 of the Consolidated Complaint.

29.    TPI denies the allegations in Paragraph 29 of the Consolidated Complaint.

30.    TPI denies the allegations in Paragraph 30 of the Consolidated Complaint.

31.    TPI denies the allegations in Paragraph 31 of the Consolidated Complaint.

32.    TPI denies the allegations in Paragraph 32 of the Consolidated Complaint.

33.    TPI denies the allegations in Paragraph 33 of the Consolidated Complaint.

34.    TPI denies the allegations in Paragraph 34 of the Consolidated Complaint.

35.    TPI denies the allegations in Paragraph 35 of the Consolidated Complaint.

36.    TPI denies that Plaintiffs have been injured in fact and have lost money or property as a result of any actions by TPI or RAC.  TPI lacks sufficient

1  information to admit or deny what Plaintiffs seek to achieve by this lawsuit, or what

2  forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs and/or the

3  alleged putative class and/or alleged Aggrieved Employees are entitled to damages

4  in any amount or relief of any kind.

5       37.    TPI admits only that putative Class Members and alleged Aggrieved

6  Employees perform work in "Rite Aid" stores and that TPI employs non-exempt

7  and exempt employees who operate and/or manage those "Rite Aid" stores in

8  California.  TPI denies the remaining allegations in Paragraph 37 of the

9  Consolidated Complaint.

10      38.    TPI admits only that putative Class Members and alleged Aggrieved

11  Employees perform work under the supervision of other TPI employees and in

12  "Rite Aid" stores in California.  TPI denies the remaining allegations in Paragraph

13  38 of the Consolidated Complaint.

14      39.    TPI lacks sufficient information to know to which policies and

15  procedures Plaintiffs are referring, and on that basis denies the allegations in

16  Paragraph 39 of the Consolidated Complaint.  TPI denies the remaining allegations

17  in Paragraph 39 of the Consolidated Complaint.

18      40.    TPI admits only that TPI pays wages to putative Class Members and

19  alleged Aggrieved Employees on designated paydays.  TPI lacks sufficient

20  information to know what common systems and methods to which Plaintiffs are

21  referring, and on that basis denies the allegations in Paragraph 40 of the

22  Consolidated Complaint.  TPI denies the remaining allegations in Paragraph 40 of

23  the Consolidated Complaint.

24      41.    TPI admits only that TPI pays putative Class Members and alleged

25  Aggrieved Employees an hourly rate.  TPI denies the remaining allegations in

26  Paragraph 41 of the Consolidated Complaint.

27      42.    TPI denies the allegations in Paragraph 42 of the Consolidated

28  Complaint.

43.     TPI admits only that it employs, or employed, thousands of hourly non-exempt employees in California.  TPI denies the remaining allegations in Paragraph 43 of the Consolidated Complaint.

44.     TPI denies the allegations in Paragraph 44 of the Consolidated Complaint.

45.     TPI denies the allegations in Paragraph 45 of the Consolidated Complaint.

## RULE 23 CLASS ACTION ALLEGATIONS

46.     TPI admits only that Plaintiffs seek to represent a class of current and former hourly, non-exempt workers employed at retail stores by TPI throughout California any time from April 16, 2016 until resolution of the action.  The remaining allegations in Paragraph 46 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 46 of the Consolidated Complaint.

47.     The allegations in Paragraph 47 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 47 of the Consolidated Complaint.

48.     TPI admits only that Plaintiffs contend that the number of proposed Class members exceeds 1000, and that TPI has more than 1000 hourly non-exempt employees in "Rite Aid" California retail stores.  The remaining allegations in Paragraph 48 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 48 of the Consolidated Complaint.

49.     The allegations in Paragraph 49 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 49 of the Consolidated Complaint.

a.     The allegations in Paragraph 49(a) of the Consolidated

1                                  Complaint contain legal questions to which no answers are

2                                  required.  To the extent that answers are required, TPI denies the

3                                  allegations in Paragraph 49(a) of the Consolidated Complaint.

4            b.        The allegations in Paragraph 49(b) of the Consolidated

5                                  Complaint contain legal questions to which no answers are

6                                  required.  To the extent that answers are required, TPI denies the

7                                  allegations in Paragraph 49(b) of the Consolidated Complaint.

8            c.         The allegations in Paragraph 49(c) of the Consolidated

9                                  Complaint contain legal questions to which no answers are

10                                  required.  To the extent that answers are required, TPI denies the

11                                  allegations in Paragraph 49(c) of the Consolidated Complaint.

12            d.        The allegations in Paragraph 49(d) of the Consolidated

13                                  Complaint contain legal questions to which no answers are

14                                  required.  To the extent that answers are required, TPI denies the

15                                  allegations in Paragraph 49(d) of the Consolidated Complaint.

16            e.         The allegations in Paragraph 49(e) of the Consolidated

17                                  Complaint contain legal questions to which no answers are

18                                  required.  To the extent that answers are required, TPI denies the

19                                  allegations in Paragraph 49(e) of the Consolidated Complaint.

20            f.         The allegations in Paragraph 49(f) of the Consolidated

21                                  Complaint contain legal questions to which no answers are

22                                  required.  To the extent that answers are required, TPI denies the

23                                  allegations in Paragraph 49(f) of the Consolidated Complaint.

24            g.        The allegations in Paragraph 49(g) of the Consolidated

25                                  Complaint contain legal questions to which no answers are

26                                  required.  To the extent that answers are required, TPI denies the

27                                  allegations in Paragraph 49(g) of the Consolidated Complaint.

28            h.        The allegations in Paragraph 49(h) of the Consolidated

TPI'S ANSWER TO CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Complaint contain legal questions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 49(h) of the Consolidated Complaint.

50.     TPI denies the allegations in Paragraph 50 of the Consolidated Complaint.

51.     TPI lacks sufficient information to admit or deny the allegations in Paragraph 51 of the Consolidated Complaint and on that basis denies them.

52.     The allegations in Paragraph 52 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 52 of the Consolidated Complaint.

53.     TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.  The remaining allegations in Paragraph 53 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 53 of the Consolidated Complaint.

54.     TPI denies the allegations in Paragraph 54 of the Consolidated Complaint.

55.     TPI denies the allegations in Paragraph 55 of the Consolidated Complaint.

56.     TPI denies the allegations in Paragraph 56 of the Consolidated Complaint.

## FIRST CAUSE OF ACTION

**Failure to Pay for All Hour Worked Pursuant to the California Labor Code § 204 (On Behalf of the Class)**

57.     To the extent that Paragraph 57 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

58.   TPI denies the allegations in Paragraph 58 of the Consolidated Complaint.

59.   TPI denies the allegations in Paragraph 59 of the Consolidated Complaint.

60.   TPI admits only the allegations in Paragraph 60 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

61.   TPI admits only the allegations in Paragraph 61 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

62.   TPI admits only the allegations in Paragraph 62 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

63.   TPI admits only that Labor Code Section 1198 states that "employing an employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

64.   TPI admits only the allegations in Paragraph 64 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the Wage Order reads.  TPI denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

65.   TPI denies the allegations in Paragraph 65 of the Consolidated Complaint.

66.   TPI denies the allegations in Paragraph 66 of the Consolidated Complaint.

67.   TPI denies the allegations in Paragraph 67 of the Consolidated Complaint.

68.   TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs

475799

10

and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## **SECOND CAUSE OF ACTION**

### **Failure to Pay Minimum Wages Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1 (On Behalf of the Class)**

69.   To the extent that Paragraph 69 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

70.   TPI admits only that the minimum wages as set forth in California Labor Code Section 1182.12 are as Plaintiffs set forth in Paragraph 70 of the Consolidated Complaint.

71.   TPI denies the allegations in Paragraph 71 of the Consolidated Complaint.

72.   TPI denies the allegations in Paragraph 72 of the Consolidated Complaint.

73.   TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## **THIRD CAUSE OF ACTION**

### **Failure to Pay Overtime Wages Pursuant to Labor Code § 510 (On Behalf of the Class)**

74.   To the extent that Paragraph 74 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

75.   TPI denies the allegations in Paragraph 75 of the Consolidated

475799

11

1   Complaint.

2      76.   TPI admits only the allegations in Paragraph 76 of the Consolidated

3   Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

4   reads.

5      77.   TPI admits only the allegations in Paragraph 77 of the Consolidated

6   Complaint to the extent that Plaintiffs are alleging how the quoted text of the wage

7   order reads.  TPI denies that IWC Wage Order 4-2001 applies to TPI employees

8   working in "Rite Aid" retail stores.

9      78.   TPI admits only the allegations in Paragraph 78 of the Consolidated

10  Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

11  reads.

12     79.   TPI admits only the allegations in Paragraph 79 of the Consolidated

13  Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

14  reads.  TPI denies the remaining allegations in Paragraph 79 of the Consolidated

15  Complaint.

16     80.   TPI denies the allegations in Paragraph 80 of the Consolidated

17  Complaint.

18     81.   TPI denies the allegations in Paragraph 81 of the Consolidated

19  Complaint.

20     82.   TPI denies the allegations in Paragraph 82 of the Consolidated

21  Complaint.

22     83.   TPI denies the allegations in Paragraph 83 of the Consolidated

23  Complaint.

24     84.   TPI lacks sufficient information to admit or deny the allegations

25  regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs

26  and/or the alleged putative Class are entitled to damages in any amount or relief of

27  any kind.

28  / / /

1

**FOURTH CAUSE OF ACTION**

2

**Failure to Authorize and Permit and/or Make Available Meal Periods**

3

**Pursuant to Labor Code §§ 226.7 and 512 (On Behalf of the Class**

4

    85.    To the extent that Paragraph 85 of the Consolidated Complaint

5

incorporates and references other paragraphs of the Consolidated Complaint, TPI's

6

answer to such paragraphs is incorporated herein by reference.

7

    86.    TPI denies the allegations in Paragraph 86 of the Consolidated

8

Complaint.

9

    87.    TPI denies the allegations in Paragraph 87 of the Consolidated

10

Complaint.

11

    88.    The allegations in Paragraph 88 of the Consolidated Complaint contain

12

legal conclusions to which no answers are required.  To the extent answers are

13

required, TPI admits that the statutes and wage order cited by Plaintiffs address the

14

authorization and provision of meal periods.

15

    89.    The allegations in Paragraph 89 of the Consolidated Complaint contain

16

legal conclusions to which no answers are required.  To the extent that answers are

17

required, TPI denies the allegations in Paragraph 89 of the Consolidated Complaint.

18

    90.    TPI denies the allegations in Paragraph 90 of the Consolidated

19

Complaint.

20

    91.    TPI denies the allegations in Paragraph 91 of the Consolidated

21

Complaint.

22

    92.    TPI lacks sufficient information to admit or deny the allegations

23

regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs

24

and/or the alleged putative Class are entitled to damages in any amount or relief of

25

any kind.

26

27

/ / /

28

/ / /

475799

13

**FIFTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226 (On Behalf of the Class)**

93.     To the extent that Paragraph 93 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

94.     TPI denies the allegations in Paragraph 94 of the Consolidated Complaint.

95.     TPI denies that subpart 7 of Labor Code Section 226(a) reads as Plaintiffs quote it in the Consolidated Complaint.

96.     The allegations in Paragraph 96 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 96 of the Consolidated Complaint. TPI further denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

97.     TPI admits only the allegations in Paragraph 97 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

98.     TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.  TPI lacks sufficient information to admit or deny the remaining allegations in Paragraph 98 of the Consolidated Complaint and on that basis denies them.

99.     TPI denies the allegations in Paragraph 99 of the Consolidated Complaint.

100.    TPI denies the allegations in Paragraph 100 of the Consolidated Complaint.

101.    TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs

14

and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## SIXTH CAUSE OF ACTION

**Waiting Time Penalties Pursuant to Labor Code §§ 201-203 (On Behalf of the Class)**

102.   To the extent that Paragraph 102 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

103.   TPI denies the allegations in Paragraph 103 of the Consolidated Complaint.

104.   TPI admits only the allegations in Paragraph 104 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

105.   TPI admits only the allegations in Paragraph 105 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

106.   TPI denies that Labor Code Section 203 reads as Plaintiffs quote it in the Consolidated Complaint.

107.   TPI admits only that Plaintiff Lemons and some other non-exempt employees left their employment with TPI during the statutory period.  TPI denies the remaining allegations in Paragraph 107 of the Consolidated Complaint.

108.   TPI denies the allegations in Paragraph 108 of the Consolidated Complaint.

109.   TPI denies the allegations in Paragraph 109 of the Consolidated Complaint.

110.   TPI admits only that Labor Code Section 203 provides for a penalty of up to thirty days of wages from the time wages were due.  TPI denies the remaining

allegations in Paragraph 110 of the Consolidated Complaint.

111.   TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## SEVENTH CAUSE OF ACTION

### Failure to Pay all Wages Due on Regularly-Scheduled Paydays Pursuant to Labor Code §§ 204 and 204b

112.   To the extent that Paragraph 112 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Compliant, TPI's answer to such paragraphs is incorporated herein by reference.

113.   The allegations in Paragraph 113 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent answers are required, TPI admits that the statutes cited by Plaintiffs addresses timing of payment of wages.

114.   TPI denies the allegations in Paragraph 114 of the Consolidated Complaint.

115.   TPI denies the allegations in Paragraph 115 of the Consolidated Complaint.

116.   TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

/ / /

/ / /

475799

16

## **EIGHTH CAUSE OF ACTION**

### **Violation of California Business and Professions Code §§ 17200 *et seq.* (On Behalf of the Class)**

117.   To the extent that Paragraph 117 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

118.   The allegations in Paragraph 118 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 118 of the Consolidated Complaint.

119.   The allegations in Paragraph 119 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 119 of the Consolidated Complaint.

120.   TPI denies that Labor Code Section 90.5 reads as Plaintiffs quote it in the Consolidated Complaint.

121.   TPI denies the allegations in Paragraph 121 of the Consolidated Complaint.

     a.   TPI denies the allegations in Paragraph 121(a) of the Consolidated Complaint.  TPI further denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

     b.   TPI denies the allegations in Paragraph 121(b) of the Consolidated Complaint.  TPI further denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

     c.   TPI denies the allegations in Paragraph 121(c) of the Consolidated Complaint.  TPI further denies that IWC Wage

475799

17

1  Order 4-2001 applies to TPI employees working in "Rite Aid"
2  retail stores.

3  d.  TPI denies the allegations in Paragraph 121(d) of the
4  Consolidated Complaint.

5  e.  TPI denies the allegations in Paragraph 121(e) of the
6  Consolidated Complaint.

7  122.  The allegations in Paragraph 122 of the Consolidated Complaint
8  contain legal conclusions to which no answers are required.  To the extent that
9  answers are required, TPI denies the allegations in Paragraph 122 of the
10  Consolidated Complaint.

11  123.  TPI denies that it engaged in any acts or practices which have taken
12  from Plaintiffs and the purported Class Members wages rightfully earned by them
13  or that TPI has gained an unfair competitive advantage over law-abiding employers
14  and competitors.  The remaining allegations in Paragraph 123 of the Consolidated
15  Complaint contain legal conclusions to which no answers are required.  To the
16  extent that answers are required, TPI denies the allegations in Paragraph 123 of the
17  Consolidated Complaint.

18  124.  TPI denies that injunctive relief is necessary or appropriate and denies
19  that it engaged in unlawful, unfair and fraudulent business acts and practices.  The
20  remaining allegations in Paragraph 124 of the Consolidated Complaint contain legal
21  conclusions to which no answers are required.  To the extent that answers are
22  required, TPI denies the allegations in Paragraph 124 of the Consolidated
23  Complaint.

24  125.  TPI denies the allegations in Paragraph 125 of the Consolidated
25  Complaint.

26  126.  TPI denies that Plaintiffs and the purported Class Members are entitled
27  to damages in any amount or relief of any kind and that Plaintiffs' success in this
28  action will enforce important rights affecting the public interest.  The remaining

475799

TPI'S ANSWER TO CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT

allegations in Paragraph 126 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, TPI denies the allegations in Paragraph 126 of the Consolidated Complaint.

127.   TPI lacks sufficient information to know what is necessary for Plaintiffs to enforce "these laws and lawful claims."  TPI denies the remaining allegations in Paragraph 127 of the Consolidated Complaint.

128.   TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, TPI denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## NINTH CAUSE OF ACTION

**Injunction Pursuant to California Business and Professions Code § 17200, *et seq.*) (On Behalf of the Class)**

129.   To the extent that Paragraph 129 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

130.   TPI denies the allegations in Paragraph 130 of the Consolidated Complaint.

131.   TPI denies the allegations in Paragraph 131 of the Consolidated Complaint.

132.   TPI denies the allegations in Paragraph 132 of the Consolidated Complaint.

133.   TPI denies the allegations in Paragraph 133 of the Consolidated Complaint.

134.   TPI denies the allegations in Paragraph 134 of the Consolidated Complaint.

135.   TPI denies the allegations in Paragraph 135 of the Consolidated Complaint.

**TENTH CAUSE OF ACTION**

**PAGA Civil Penalties Pursuant to Labor Code §§ 2698, *et seq.* (On Behalf of the State of California and the Aggrieved Employees)**

136.   To the extent that Paragraph 136 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, TPI's answer to such paragraphs is incorporated herein by reference.

137.   TPI admits only that Plaintiffs purport to bring their Tenth Cause of Action under PAGA on behalf of themselves and alleged Aggrieved Employees.

138.   TPI admits only that Plaintiffs purport that the alleged Aggrieved Employees include all of TPI's non-exempt employees at "Rite Aid" retail stores in California from May 6, 2019 through the trial date.  TPI denies the remaining allegations in Paragraph 138 of the Consolidated Complaint.

139.   TPI denies the allegations in Paragraph 139 of the Consolidated Complaint.

140.   TPI denies the allegations in Paragraph 140 of the Consolidated Complaint.  TPI denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

141.   The allegations in Paragraph 141 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent answers are required, TPI denies the allegations in Paragraph 141 of the Consolidated Complaint.

142.   TPI denies the allegations in Paragraph 142 of the Consolidated Complaint.

/ / /

475799

**PRAYER FOR RELIEF**

Answering Plaintiffs' prayer for relief, TPI lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek. However, TPI denies that class treatment or representative treatment is appropriate and further denies that Plaintiffs, the putative class members and/or alleged Aggrieved Employees are entitled to damages in any amount or relief of any kind.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

1.      The Consolidated Complaint, and each and every purported claim contained therein, fails to state facts sufficient to constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

2.      TPI denies each and every allegation not expressly admitted herein.

THIRD AFFIRMATIVE DEFENSE

3.      The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 337, 338, 339, 340, and 343, California Labor Code Sections 203, 226 and 2698, *et seq.* and California Business and Professions Code Section 17208.

FOURTH AFFIRMATIVE DEFENSE

4.      The Consolidated Complaint, and each and every purported claim contained therein, is not proper for treatment as a class action because, among other reasons:  (a) Plaintiffs are inadequate representatives of the purported class; (b) Plaintiffs cannot establish commonality of claims; (c) Plaintiffs cannot establish

1   typicality of claims; and (d) the individualized nature of Plaintiffs' claims makes

2   class treatment inappropriate.

3

4                        FIFTH AFFIRMATIVE DEFENSE

5       5.      Plaintiffs' purported claim for violation of Business and Professions

6   Code Section 17200, *et seq*. is barred because provisions of Section 17200, *et seq*.

7   violate the Due Process clause of the United States Constitution.

8

9                        SIXTH AFFIRMATIVE DEFENSE

10      6.      Plaintiffs' purported claim for violation of Business and Professions

11  Code Section 17200, *et seq*. is barred because Plaintiffs, as private litigants, lack

12  standing to bring a claim for damages under California Business and Professions

13  Code Section 17203.

14

15                      SEVENTH AFFIRMATIVE DEFENSE

16      7.      Plaintiffs' purported claim for violation of Business and Professions

17  Code Section 17200, *et seq*. is barred because the alleged unlawful business

18  practices, if any, are not unlawful.

19

20                      EIGHTH AFFIRMATIVE DEFENSE

21      8.      Plaintiffs' purported claim for violation of Business and Professions

22  Code Section 17200, *et seq*. is barred because the alleged unfair business practices,

23  if any, are not unfair within the meaning of Business and Professions Code Section

24  17200, *et seq*.

25

26                      NINTH AFFIRMATIVE DEFENSE

27      9.      The Consolidated Complaint, and each and every purported claim

28  contained therein, is barred in whole or in part by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10.     The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the *de minimis* doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Consolidated Complaint, and each and every purported claim contained therein, is barred to the extent Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, consented to any alleged activity or conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     To the extent Plaintiffs and/or those similarly situated (and/or alleged aggrieved employees), if any, have entered into a release encompassing causes of action alleged in the Consolidated Complaint, their purported claims are barred by that release, including but not limited to the settlement release in *Virgie Toralba v. Rite Aid Corporation, et al.,* Case No. 37-2017-00041583-CU-OE-CTL.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, are barred from recovering because they do not have standing to

475799

23

assert the purported claims in the Consolidated Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' purported claims are barred, in whole or in part, because TPI had a reasonable, honest and good faith belief that all of the wages earned by Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, had been paid to Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, in a timely and lawful manner at the time they were owed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiffs' purported claim for penalties for purportedly providing inaccurate wage statements are barred insofar as TPI's conduct, as alleged in the Consolidated Complaint, was neither knowing nor intentional.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Although TPI denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against TPI is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, are not entitled to any relief under California Labor Code Section 1194 because, at all relevant times, Plaintiffs were not paid a wage less than the minimum wage fixed by any applicable Wage Orders of the California Industrial Welfare Commission or entitled to receive overtime compensation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' purported claims for injunctive and other equitable relief are barred because Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, have an adequate and complete remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     To the extent that Plaintiffs and/or those similarly situated (and/or alleged aggrieved employees), if any, are entitled to damages or penalties, TPI is entitled to a setoff/offset for any overpayments of wages or other consideration previously provided to Plaintiffs and/or those similarly situated, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part because Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, were exempt from the relevant provisions of the California Labor Code and Industrial Welfare

475799

25

1    Commission Wage Orders.

2

3                    TWENTY-FOURTH AFFIRMATIVE DEFENSE

4          24.    To the extent Plaintiffs allege a deprivation of rights provided under

5    the collective bargaining agreement ("CBA") that applied to Plaintiffs' employment

6    and those similarly situated (and/or alleged aggrieved employees), if any, and/or the

7    adjudication of such purported claims involves the interpretation or application of

8    the CBA, the claims are preempted by section 301 of the Labor Management

9    Relations Act, 29 U.S.C. § 185(a).

10

11                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

12         25.    The Consolidated Complaint, and each purported cause of action

13   contained therein, is barred in whole or in part because Plaintiffs and those similarly

14   situated (and/or alleged aggrieved employees), if any, have failed to exhaust their

15   remedies pursuant to the collective bargaining agreement that governed their

16   employment, and/or that collective bargaining agreement provides Plaintiffs and

17   those similarly situated (and/or alleged aggrieved employees), if any, with their sole

18   and exclusive remedy.

19

20                    TWENTY-SIXTH AFFIRMATIVE DEFENSE

21         26.    To the extent that Plaintiffs' purported claims are barred by the

22   doctrine of res judicata and/or claim preclusion.

23

24                   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25         27.    The Consolidated Complaint involves the same parties, the same

26   subject matter and/or the same claims as other first filed and currently pending

27   actions, such that dismissal or a stay is appropriate pursuant to exclusive concurrent

28   jurisdiction and federal comity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs are not "aggrieved employees" for purposes of the Private Attorneys General Act ("PAGA") and, thus, lack standing to bring the PAGA claims alleged in the Consolidated Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The Court has no jurisdiction over the subject matter of the Consolidated Complaint, or parts thereof, because Plaintiffs have failed to exhaust their administrative remedies.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, are barred from recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither TPI nor any agent or employee of TPI acted willfully in failing to pay wages due, if any, to employees who terminated their employment with TPI.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs' purported claim for penalties pursuant to California Labor Code Section 203 are barred, in whole or in part, because TPI had a reasonable, honest, and good faith believe that all of the wages earned by Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, had been paid to Plaintiffs and those similarly situated, if any, in a timely and lawful manner at the time they were owed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiffs and those similarly situated (and/or alleged aggrieved

employees), if any, are not entitled to penalties or compensation under the applicable Labor Code section(s) and/or Industrial Welfare Commission Wage Order(s) because they were at all times authorized and permitted to take meal periods but freely chose to forego or waive them.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     TPI reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

WHEREFORE, TPI prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of their Consolidated Complaint.

2.     That the Consolidated Complaint herein be dismissed in its entirety with prejudice and that judgment be entered for TPI and against Plaintiffs.

3.     That TPI be awarded its reasonable costs and attorneys' fees; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  January 20, 2021          KADING BRIGGS LLP

                                  By: */s/ Sarah R. Mohammadi*
                                       SARAH R. MOHAMMADI

                                  Attorneys for Defendants
                                  RITE AID CORPORATION and THRIFTY
                                  PAYLESS, INC.

1

**PROOF OF SERVICE [F.R.C.P. § 5]**

2

STATE OF CALIFORNIA                    )
                                       ) ss:
3

COUNTY OF ORANGE                       )

4

      I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

5

6

      On **January 20, 2021**, I served the foregoing document(s) described as: **DEFENDANT THRIFTY PAYLESS, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties by:

7

8

9   Randall B. Aiman-Smith      Attorneys for Plaintiff MARION LEMONS
  Reed W.L. Marcy          and the Class Members
  Hallie Von Rock           Telephone: 510.817.2711
10   Carey A. James           Facsimile:  510.562.6830
  Brent A. Robinson        Email:  ras@asmlawyers.com
11   AIMAN-SMITH & MARCY   Email:  rwlm@asmlawyers.com
  7677 Oakport St., Suite 1150  Email:  hvr@asmlawyers.com
12   Oakland, CA 94621        Email:  caj@asmlawyers.com
                      Email:  bar@asmlawyers.com
13                       Email:  njd@asmlawyers.com
                      Email:  arc@asmlawyers.com

14   Carolyn Hunt Cottrell      Attorneys for Plaintiff DAVID RAMIREZ
  Ori Edelstein            Tel: (415) 421-7100
15   Ryan M. Hecht           Fax: (415) 421-7105
  SCHNEIDER WALLACE    Email: ccottrell@schneiderwallace.com
16   COTTRELL KONECKY LLP  Email: oedelstein@schneiderwallace.com
  2000 Powell Street, Suite 1400  Email: rhecht@schneiderwallace.com
17   Emeryville, CA 94608     Email: ksandoval@schneiderwallace.com
                      Email: vyasay@schneiderwallace.com

18

19 ☒ **VIA ELECTRONIC SERVICE:**  I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

20

21 ☐ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24

25 ☒ **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

26

27

      Executed on **January 20, 2021** at Irvine, California.

28

**Valerie Beechler**