GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
RITE AID CORPORATION and
THRIFTY PAYLESS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAMIREZ and MARION LEMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-03531-GW-SKx (Consolidated with Case No. 2:20-cv-07617-GW-SKx)<br><br>**DEFENDANT RITE AID CORPORATION'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT** |

475800

1

In answer to plaintiff David Ramirez and Marion Lemons' ("Plaintiffs") Consolidated Class and Representative Action Complaint ("Consolidated Complaint"), defendant Rite Aid Corporation ("RAC"), for itself and no other defendants, admits, denies, and alleges as follows:

## **INTRODUCTION**

1.     RAC admits only that Plaintiffs purport to bring a class action lawsuit against Thrifty Payless, Inc. ("TPI") and RAC and that TPI has non-exempt hourly employees.  RAC lacks sufficient information to know what policies and practices Plaintiffs believe are implicated by their class action but denies these allegations to the extent that Plaintiffs allege RAC has, or ever had, any employees and/or maintains any policies or practices.  RAC is solely a holding company.  RAC denies the remaining allegations in Paragraph 1 of the Consolidated Complaint.

2.     RAC admits only that Plaintiffs purport to bring a representative action pursuant to the Private Attorneys General Act of 2004 ("PAGA") and that Plaintiffs purport to bring the claim on behalf of the State of California and non-exempt employees working in TPI's California retail stores.  RAC denies that it has, or ever had, any employees in California (or any other state).  RAC is solely a holding company.  The remaining allegations in Paragraph 2 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the remaining allegations in Paragraph 2 of the Consolidated Complaint.

3.     RAC lacks sufficient information to know why Plaintiffs, the purported Class Members and alleged Aggrieved Employees bring the claims set forth in the Consolidated Complaint, and on that basis denies that allegation.  RAC denies that it has, or ever had, any employees in California (or any other state) and/or maintains any policies or practices.  RAC is solely a holding company.  RAC denies the remaining allegations in Paragraph 3 of the Consolidated Complaint.

4.      RAC admits only that Plaintiffs purport that they bring this class and representative action on behalf of themselves, purported Class Members and alleged Aggrieved Employees.  RAC lacks sufficient information to know why Plaintiffs filed this action or what practices and policies Plaintiffs seek to remedy.  RAC denies that it has, or ever had, any employees in California (or any other state) and/or maintains any policies or practices.  RAC is solely a holding company.  RAC denies the remaining allegations in Paragraph 4 of the Consolidated Complaint.

5.      RAC denies the allegations in Paragraph 5 of the Consolidated Complaint.

6.      RAC denies the allegations in Paragraph 6 of the Consolidated Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

7.      RAC admits only that Plaintiffs contend the amount in controversy is in excess of the minimum jurisdiction of this Court, and that Plaintiffs further contend that the number of proposed Class members exceeds 100.  RAC admits that Plaintiffs and RAC are citizens of different states.  RAC admits that, based on its understanding of the allegations in Plaintiffs' Consolidated Complaint, the Court has jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  The remaining allegations in Paragraph 7 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the remaining allegations in Paragraph 7 of the Consolidated Complaint.

8.      The allegations in Paragraph 8 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 8 of the Consolidated Complaint.

9.      RAC denies that it has, or ever had, any employees in the Central District (or anywhere in California or any other state).  RAC admits that TPI has

1  employees in the Central District, including Plaintiff Ramirez.  The remaining

2  allegations in Paragraph 9 of the Consolidated Complaint contain legal conclusions

3  to which no answers are required.  To the extent that answers are required, RAC

4  denies the remaining allegations in Paragraph 9 of the Consolidated Complaint.

5

6                                        **PARTIES**

7         10.    RAC denies that it currently employs (or ever employed) Plaintiff

8  Ramirez.  RAC admits that TPI currently employs Plaintiff Ramirez.  RAC admits

9  that Plaintiff Ramirez is over the age of eighteen and that he currently works for

10  TPI as a non-exempt Shift Supervisor at a "Rite Aid" retail location in Los Angeles.

11  RAC lacks sufficient information to admit or deny the remaining allegations in

12  Paragraph 10 of the Consolidated Complaint and on that basis denies them.

13        11.    RAC denies that it ever employed Plaintiff Lemons.  RAC admits that

14  Plaintiff Lemons is over the age of eighteen and that she was employed by TPI at a

15  Rite Aid retail location in California from April 1999 until November 2019.  RAC

16  lacks sufficient information to admit or deny the remaining allegations in Paragraph

17  11 of the Consolidated Complaint and on that basis denies them.

18        12.    RAC denies that it has, or ever had, any employees in California (or

19  any other state).  RAC admits that TPI employs hourly non-exempt employees in

20  the State of California.  RAC denies the remaining allegations in Paragraph 12 of

21  the Consolidated Complaint.

22        13.    RAC denies that it has, or ever had, any employees in California (or

23  any other state).  RAC admits that TPI employs hourly non-exempt employees in

24  the State of California.  RAC denies the remaining allegations in Paragraph 13 of

25  the Consolidated Complaint.

26        14.    RAC admits only that its principal place of business is in Camp Hill,

27  Pennsylvania, that it is registered to do business in California and that it may be

28  served with process by serving CT Corporation System at 818 West Seventh Street,

1  Suite 930, Los Angeles, California 90017.  RAC denies the remaining allegations in

2  Paragraph 14 of the Consolidated Complaint.

3      15.   RAC lacks sufficient information to admit or deny the allegations in

4  Paragraph 15 of the Consolidated Complaint and on that basis denies them.

5      16.   RAC lacks sufficient information to admit or deny the allegations in

6  Paragraph 16 and on that basis denies them.

7      17.   RAC admits only that there are "Rite Aid" retail stores throughout the

8  United States, including California, and that TPI employs hourly non-exempt

9  employees throughout California that work in those "Rite Aid" stores.  RAC denies

10 that it has, or ever had, any employees in California (or any other state), or that it

11 operates any retail stores itself.  RAC is solely a holding company.  RAC further

12 admits that TPI employs non-exempt and exempt employees that operate and/or

13 manage those "Rite Aid" stores in California.  RAC denies the remaining

14 allegations in Paragraph 17 of the Consolidated Complaint.

15     18.   RAC denies the allegations in Paragraph 18 of the Consolidated

16 Complaint.

17     19.   RAC denies the allegations in Paragraph 19 of the Consolidated

18 Complaint.

19     20.   RAC denies that it has, or ever had, any employees in California (or in

20 any state), or that it has had places of business anywhere in California.  RAC admits

21 that TPI has hourly employees throughout California, including in Los Angeles

22 County.  The remaining allegations in Paragraph 20 of the Consolidated Complaint

23 contain legal conclusions to which no answers are required.  To the extent that

24 answers are required, RAC denies the allegations in Paragraph 20 of the

25 Consolidated Complaint.

26

27 / / /

28 / / /

**FACTUAL ALLEGATIONS**

1

2      21.    RAC admits only that there are "Rite Aid" retail stores located

3 throughout the United States, including more than 500 stores in California.  RAC

4 denies that it has, or ever had, any employees in California (or in any state), or that

5 it operates any stores.  RAC is solely a holding company.  RAC admits that TPI

6 employs thousands of hourly non-exempt workers in California.  The remaining

7 allegations in Paragraph 21 of the Consolidated Complaint contain legal

8 conclusions to which no answers are required.  To the extent that answers are

9 required, RAC denies the allegations in Paragraph 21 of the Consolidated

10 Complaint.

11      22.    RAC denies that it currently employs (or ever employed) Plaintiff

12 Ramirez.  RAC admits that TPI currently employs Plaintiff Ramirez at the "Rite

13 Aid" retail store located at 7900 Sunset Blvd., in Los Angeles as a non-exempt shift

14 supervisor.  RAC further admits that Plaintiff Ramirez's current hourly rate with

15 TPI is $18.25.  RAC denies the remaining allegations in Paragraph 22 of the

16 Consolidated Complaint.

17      23.    RAC denies that it ever employed Plaintiff Lemons.  RAC admits that

18 Plaintiff Lemons was employed by TPI and worked at the "Rite Aid" retail store

19 located in Vallejo, California as a non-exempt employee through November 2019.

20 RAC further admits that Plaintiff Lemons' hourly rate with TPI was $16.25 in

21 November 2019.  RAC denies the remaining allegations in Paragraph 23 of the

22 Consolidated Complaint.

23      24.    RAC denies the allegations in Paragraph 24 of the Consolidated

24 Complaint.

25      25.    RAC denies the allegations in Paragraph 25 of the Consolidated

26 Complaint.

27      26.    RAC denies the allegations in Paragraph 26 of the Consolidated

28 Complaint.

27.     RAC denies the allegations in Paragraph 27 of the Consolidated Complaint.

28.     RAC denies the allegations in Paragraph 28 of the Consolidated Complaint.

29.     RAC denies the allegations in Paragraph 29 of the Consolidated Complaint.

30.     RAC denies the allegations in Paragraph 30 of the Consolidated Complaint.

31.     RAC denies the allegations in Paragraph 31 of the Consolidated Complaint.

32.     RAC denies the allegations in Paragraph 32 of the Consolidated Complaint.

33.     RAC denies the allegations in Paragraph 33 of the Consolidated Complaint.

34.     RAC denies the allegations in Paragraph 34 of the Consolidated Complaint.

35.     RAC denies the allegations in Paragraph 35 of the Consolidated Complaint.

36.     RAC denies that it has, or ever had, employees in California (or any other state), or policies and/or practices.  RAC is solely a holding company.  RAC further denies that Plaintiffs have been injured in fact and have lost money or property as a result of any actions by TPI or RAC.  RAC lacks sufficient information to admit or deny what Plaintiffs seek to achieve by this lawsuit, or what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs and/or the alleged putative class and/or alleged Aggrieved Employees are entitled to damages in any amount or relief of any kind.

37.     RAC denies the allegations in Paragraph 37 of the Consolidated Complaint.

7

1    38.    RAC denies the allegations in Paragraph 37 of the Consolidated

2    Complaint.

3    39.    RAC lacks sufficient information to know to which policies and

4    procedures Plaintiffs are referring, and on that basis denies the allegations in

5    Paragraph 39 of the Consolidated Complaint.  RAC denies the remaining

6    allegations in Paragraph 39 of the Consolidated Complaint.

7    40.    RAC denies the allegations in Paragraph 40 of the Consolidated

8    Complaint.

9    41.    RAC denies the allegations in Paragraph 41 of the Consolidated

10    Complaint.

11    42.    RAC denies the allegations in Paragraph 42 of the Consolidated

12    Complaint.

13    43.    RAC denies the allegations in Paragraph 43 of the Consolidated

14    Complaint.

15    44.    RAC denies the allegations in Paragraph 44 of the Consolidated

16    Complaint.

17    45.    RAC denies the allegations in Paragraph 45 of the Consolidated

18    Complaint.

19

20    **RULE 23 CLASS ACTION ALLEGATIONS**

21    46.    RAC denies that it has, or ever had, any employees in California (or

22    any other state).  RAC is solely a holding company.  RAC admits only that

23    Plaintiffs seek to represent a class of current and former hourly, non-exempt

24    workers employed at retail stores by TPI throughout California any time from April

25    16, 2016 until resolution of the action.  The remaining allegations in Paragraph 46

26    of the Consolidated Complaint contain legal conclusions to which no answers are

27    required.  To the extent that answers are required, RAC denies the allegations in

28    Paragraph 46 of the Consolidated Complaint.

47.   The allegations in Paragraph 47 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 47 of the Consolidated Complaint.

48.   RAC admits only that Plaintiffs contend that the number of proposed Class members exceeds 1000, but denies that RAC has, or ever had, any employees in California (or any other state).  RAC is solely a holding company.  The remaining allegations in Paragraph 48 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 48 of the Consolidated Complaint.

49.   The allegations in Paragraph 49 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 49 of the Consolidated Complaint.

a.   The allegations in Paragraph 49(a) of the Consolidated Complaint contain legal questions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 49(a) of the Consolidated Complaint.

b.   The allegations in Paragraph 49(b) of the Consolidated Complaint contain legal questions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 49(b) of the Consolidated Complaint.

c.   The allegations in Paragraph 49(c) of the Consolidated Complaint contain legal questions to which no answers are required.  To the extent that answers are required, RAC denies

9

1    the allegations in Paragraph 49(c) of the Consolidated

2    Complaint.

3    d.    The allegations in Paragraph 49(d) of the Consolidated

4    Complaint contain legal questions to which no answers are

5    required.  To the extent that answers are required, RAC denies

6    the allegations in Paragraph 49(d) of the Consolidated

7    Complaint.

8    e.    The allegations in Paragraph 49(e) of the Consolidated

9    Complaint contain legal questions to which no answers are

10    required.  To the extent that answers are required, RAC denies

11    the allegations in Paragraph 49(e) of the Consolidated

12    Complaint.

13    f.    The allegations in Paragraph 49(f) of the Consolidated

14    Complaint contain legal questions to which no answers are

15    required.  To the extent that answers are required, RAC denies

16    the allegations in Paragraph 49(f) of the Consolidated

17    Complaint.

18    g.    The allegations in Paragraph 49(g) of the Consolidated

19    Complaint contain legal questions to which no answers are

20    required.  To the extent that answers are required, RAC denies

21    the allegations in Paragraph 49(g) of the Consolidated

22    Complaint.

23    h.    The allegations in Paragraph 49(h) of the Consolidated

24    Complaint contain legal questions to which no answers are

25    required.  To the extent that answers are required, RAC denies

26    the allegations in Paragraph 49(h) of the Consolidated

27    Complaint.

28    / / /

50.     RAC denies the allegations in Paragraph 50 of the Consolidated Complaint.

51.     RAC denies that it has, or ever had, any employees in California (or any other state).  RAC is solely a holding company.  RAC lacks sufficient information to admit or deny the remaining allegations in Paragraph 51 of the Consolidated Complaint and on that basis denies them.

52.     The allegations in Paragraph 52 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 52 of the Consolidated Complaint.

53.     RAC denies that it has, or ever had, employees in California (or any other state) or policies and/or practices.  RAC is solely a holding company.  RAC further denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.  The remaining allegations in Paragraph 53 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 53 of the Consolidated Complaint.

54.     RAC denies the allegations in Paragraph 54 of the Consolidated Complaint.

55.     RAC denies the allegations in Paragraph 55 of the Consolidated Complaint.

56.     RAC denies the allegations in Paragraph 56 of the Consolidated Complaint.

## **FIRST CAUSE OF ACTION**

**Failure to Pay for All Hour Worked Pursuant to the California Labor Code § 204 (On Behalf of the Class)**

57.     To the extent that Paragraph 57 of the Consolidated Complaint

475800

11

incorporates and references other paragraphs of the Consolidated Complaint,
RAC's answer to such paragraphs is incorporated herein by reference.

58.   RAC denies the allegations in Paragraph 58 of the Consolidated
Complaint.

59.   RAC denies the allegations in Paragraph 59 of the Consolidated
Complaint.

60.   RAC admits only the allegations in Paragraph 60 of the Consolidated
Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute
reads.

61.   RAC admits only the allegations in Paragraph 61 of the Consolidated
Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute
reads.

62.   RAC admits only the allegations in Paragraph 62 of the Consolidated
Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute
reads.

63.   RAC admits only that Labor Code Section 1198 states that "employing
an employee for longer hours than those fixed by the order or under conditions of
labor prohibited by the order is unlawful."

64.   RAC admits only the allegations in Paragraph 64 of the Consolidated
Complaint to the extent that Plaintiffs are alleging how the quoted text of the Wage
Order reads.  RAC denies that IWC Wage Order 4-2001 applies to TPI employees
working in "Rite Aid" retail stores.

65.   RAC denies the allegations in Paragraph 65 of the Consolidated
Complaint.

66.   RAC denies the allegations in Paragraph 66 of the Consolidated
Complaint.

67.   RAC denies the allegations in Paragraph 67 of the Consolidated
Complaint.

475800

12

68.     RAC lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## SECOND CAUSE OF ACTION

**Failure to Pay Minimum Wages Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1 (On Behalf of the Class)**

69.     To the extent that Paragraph 69 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, RAC's answer to such paragraphs is incorporated herein by reference.

70.     RAC admits only that the minimum wages as set forth in California Labor Code Section 1182.12 are as Plaintiffs set forth in Paragraph 70 of the Consolidated Complaint.

71.     RAC denies the allegations in Paragraph 71 of the Consolidated Complaint.

72.     RAC denies the allegations in Paragraph 72 of the Consolidated Complaint.

73.     RAC lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

/ / /

/ / /

/ / /

475800

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages Pursuant to Labor Code § 510 (On Behalf of the Class)**

74.     To the extent that Paragraph 74 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, RAC's answer to such paragraphs is incorporated herein by reference.

75.     RAC denies the allegations in Paragraph 75 of the Consolidated Complaint.

76.     RAC admits only the allegations in Paragraph 76 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

77.     RAC admits only the allegations in Paragraph 77 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the wage order reads.  RAC denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

78.     RAC admits only the allegations in Paragraph 78 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.

79.     RAC admits only the allegations in Paragraph 79 of the Consolidated Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute reads.  RAC denies the remaining allegations in Paragraph 79 of the Consolidated Complaint.

80.     RAC denies the allegations in Paragraph 80 of the Consolidated Complaint.

81.     RAC denies the allegations in Paragraph 81 of the Consolidated Complaint.

82.     RAC denies the allegations in Paragraph 82 of the Consolidated Complaint.

83.     RAC denies the allegations in Paragraph 83 of the Consolidated Complaint.

84.     RAC lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## FOURTH CAUSE OF ACTION

### Failure to Authorize and Permit and/or Make Available Meal Periods
### Pursuant to Labor Code §§ 226.7 and 512 (On Behalf of the Class

85.     To the extent that Paragraph 85 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, RAC's answer to such paragraphs is incorporated herein by reference.

86.     RAC denies the allegations in Paragraph 86 of the Consolidated Complaint.

87.     RAC denies the allegations in Paragraph 87 of the Consolidated Complaint.

88.     The allegations in Paragraph 88 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent answers are required, RAC admits that the statutes and wage order cited by Plaintiffs address the authorization and provision of meal periods.

89.     The allegations in Paragraph 89 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 89 of the Consolidated Complaint.

90.     RAC denies the allegations in Paragraph 90 of the Consolidated Complaint.

/ / /

1      91.    RAC denies the allegations in Paragraph 91 of the Consolidated

2  Complaint.

3      92.    RAC lacks sufficient information to admit or deny the allegations

4  regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs

5  and/or the alleged putative Class are entitled to damages in any amount or relief of

6  any kind.

7

8                  **FIFTH CAUSE OF ACTION**

9  **Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor**

10              **Code § 226 (On Behalf of the Class)**

11      93.    To the extent that Paragraph 93 of the Consolidated Complaint

12  incorporates and references other paragraphs of the Consolidated Complaint,

13  RAC's answer to such paragraphs is incorporated herein by reference.

14      94.    RAC denies the allegations in Paragraph 94 of the Consolidated

15  Complaint.

16      95.    RAC denies that subpart 7 of Labor Code Section 226(a) reads as

17  Plaintiffs quote it in the Consolidated Complaint.

18      96.    The allegations in Paragraph 96 of the Consolidated Complaint contain

19  legal conclusions to which no answers are required.  To the extent that answers are

20  required, RAC denies the allegations in Paragraph 96 of the Consolidated

21  Complaint.  RAC further denies that IWC Wage Order 4-2001 applies to TPI

22  employees working in "Rite Aid" retail stores.

23      97.    RAC admits only the allegations in Paragraph 97 of the Consolidated

24  Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

25  reads.

26      98.    RAC denies that Plaintiffs and/or the alleged putative Class are entitled

27  to damages in any amount or relief of any kind.  RAC lacks sufficient information

28  to admit or deny the remaining allegations in Paragraph 98 of the Consolidated

1    Complaint and on that basis denies them.

2         99.   RAC denies the allegations in Paragraph 99 of the Consolidated

3    Complaint.

4         100.   RAC denies the allegations in Paragraph 100 of the Consolidated

5    Complaint.

6         101.   RAC lacks sufficient information to admit or deny the allegations

7    regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs

8    and/or the alleged putative Class are entitled to damages in any amount or relief of

9    any kind.

10

11              **<u>SIXTH CAUSE OF ACTION</u>**

12   **Waiting Time Penalties Pursuant to Labor Code §§ 201-203 (On Behalf of the**

13                          **Class)**

14        102.   To the extent that Paragraph 102 of the Consolidated Complaint

15   incorporates and references other paragraphs of the Consolidated Complaint,

16   RAC's answer to such paragraphs is incorporated herein by reference.

17        103.   RAC denies the allegations in Paragraph 103 of the Consolidated

18   Complaint.

19        104.   RAC admits only the allegations in Paragraph 104 of the Consolidated

20   Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

21   reads.

22        105.   RAC admits only the allegations in Paragraph 105 of the Consolidated

23   Complaint to the extent that Plaintiffs are alleging how the quoted text of the statute

24   reads.

25        106.   RAC denies that Labor Code Section 203 reads as Plaintiffs quote it in

26   the Consolidated Complaint.

27        107.   RAC denies that it has, or ever had, any employees in California (or

28   any other state).  RAC is solely a holding company.  RAC admits only that Plaintiff

                              17

1   Lemons and some other non-exempt employees left their employment with TPI

2   during the statutory period.  RAC denies the remaining allegations in Paragraph 107

3   of the Consolidated Complaint.

4       108.   RAC denies the allegations in Paragraph 108 of the Consolidated

5   Complaint.

6       109.   RAC denies the allegations in Paragraph 109 of the Consolidated

7   Complaint.

8       110.   RAC admits only that Labor Code Section 203 provides for a penalty

9   of up to thirty days of wages from the time wages were due.  RAC denies the

10  remaining allegations in Paragraph 110 of the Consolidated Complaint.

11      111.   RAC lacks sufficient information to admit or deny the allegations

12  regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs

13  and/or the alleged putative Class are entitled to damages in any amount or relief of

14  any kind.

15

16  **<u>SEVENTH CAUSE OF ACTION</u>**

17  **Failure to Pay all Wages Due on Regularly-Scheduled Paydays Pursuant to**

18  **Labor Code §§ 204 and 204b**

19      112.   To the extent that Paragraph 112 of the Consolidated Complaint

20  incorporates and references other paragraphs of the Consolidated Compliant,

21  RAC's answer to such paragraphs is incorporated herein by reference.

22      113.   The allegations in Paragraph 113 of the Consolidated Complaint

23  contain legal conclusions to which no answers are required.  To the extent answers

24  are required, RAC admits that the statutes cited by Plaintiffs addresses timing of

25  payment of wages.

26      114.   RAC denies the allegations in Paragraph 114 of the Consolidated

27  Complaint.

28      115.   RAC denies the allegations in Paragraph 115 of the Consolidated

1  Complaint.

2      116.   RAC lacks sufficient information to admit or deny the allegations

3  regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs

4  and/or the alleged putative Class are entitled to damages in any amount or relief of

5  any kind.

6

7                          **EIGHTH CAUSE OF ACTION**

8  **Violation of California Business and Professions Code §§ 17200 *et seq.* (On**

9                               **Behalf of the Class)**

10     117.   To the extent that Paragraph 117 of the Consolidated Complaint

11  incorporates and references other paragraphs of the Consolidated Complaint,

12  RAC's answer to such paragraphs is incorporated herein by reference.

13     118.   The allegations in Paragraph 118 of the Consolidated Complaint

14  contain legal conclusions to which no answers are required.  To the extent that

15  answers are required, RAC denies the allegations in Paragraph 118 of the

16  Consolidated Complaint.

17     119.   The allegations in Paragraph 119 of the Consolidated Complaint

18  contain legal conclusions to which no answers are required.  To the extent that

19  answers are required, RAC denies the allegations in Paragraph 119 of the

20  Consolidated Complaint.

21     120.   RAC denies that Labor Code Section 90.5 reads as Plaintiffs quote it in

22  the Consolidated Complaint.

23     121.   RAC denies the allegations in Paragraph 121 of the Consolidated

24  Complaint.

25          a.     RAC denies the allegations in Paragraph 121(a) of the

26                 Consolidated Complaint.  RAC further denies that IWC Wage

27                 Order 4-2001 applies to TPI employees working in "Rite Aid"

28                 retail stores.

475800

19

1        b.     RAC denies the allegations in Paragraph 121(b) of the

2               Consolidated Complaint.  RAC further denies that IWC Wage

3               Order 4-2001 applies to TPI employees working in "Rite Aid"

4               retail stores.

5        c.     RAC denies the allegations in Paragraph 121(c) of the

6               Consolidated Complaint.  RAC further denies that IWC Wage

7               Order 4-2001 applies to TPI employees working in "Rite Aid"

8               retail stores.

9        d.     RAC denies the allegations in Paragraph 121(d) of the

10              Consolidated Complaint.

11        e.     RAC denies the allegations in Paragraph 121(e) of the

12              Consolidated Complaint.

13     122.   The allegations in Paragraph 122 of the Consolidated Complaint

14 contain legal conclusions to which no answers are required.  To the extent that

15 answers are required, RAC denies the allegations in Paragraph 122 of the

16 Consolidated Complaint.

17     123.   RAC denies that it has, or ever had, any employees in California (or

18 any other state).  RAC is solely a holding company.  RAC denies that it engaged in

19 any acts or practices which have taken from Plaintiffs and the purported Class

20 Members wages rightfully earned by them or that RAC has gained an unfair

21 competitive advantage over law-abiding employers and competitors.  The

22 remaining allegations in Paragraph 123 of the Consolidated Complaint contain legal

23 conclusions to which no answers are required.  To the extent that answers are

24 required, RAC denies the allegations in Paragraph 123 of the Consolidated

25 Complaint.

26     124.   RAC denies that it has, or ever had, any employees in California (or

27 any other state).  RAC is solely a holding company.  RAC denies that injunctive

28 relief is necessary or appropriate and denies that it engaged in unlawful, unfair and

fraudulent business acts and practices.  The remaining allegations in Paragraph 124 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 124 of the Consolidated Complaint.

125.   RAC denies the allegations in Paragraph 125 of the Consolidated Complaint.

126.   RAC denies that it has, or ever had, any employees in California (or any other state).  RAC is solely a holding company.  RAC denies that Plaintiffs and the purported Class Members are entitled to damages in any amount or relief of any kind and that Plaintiffs' success in this action will enforce important rights affecting the public interest.  The remaining allegations in Paragraph 126 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent that answers are required, RAC denies the allegations in Paragraph 126 of the Consolidated Complaint.

127.   RAC lacks sufficient information to know what is necessary for Plaintiffs to enforce "these laws and lawful claims."  RAC denies the remaining allegations in Paragraph 127 of the Consolidated Complaint.

128.   RAC lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek.  However, RAC denies that Plaintiffs and/or the alleged putative Class are entitled to damages in any amount or relief of any kind.

## NINTH CAUSE OF ACTION

**Injunction Pursuant to California Business and Professions Code § 17200, *et seq.*) (On Behalf of the Class)**

129.   To the extent that Paragraph 129 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, RAC's answer to such paragraphs is incorporated herein by reference.

130.   RAC denies the allegations in Paragraph 130 of the Consolidated Complaint.

131.   RAC denies the allegations in Paragraph 131 of the Consolidated Complaint.

132.   RAC denies the allegations in Paragraph 132 of the Consolidated Complaint.

133.   RAC denies the allegations in Paragraph 133 of the Consolidated Complaint.

134.   RAC denies the allegations in Paragraph 134 of the Consolidated Complaint.

135.   RAC denies the allegations in Paragraph 135 of the Consolidated Complaint.

## <u>TENTH CAUSE OF ACTION</u>

**PAGA Civil Penalties Pursuant to Labor Code §§ 2698, *et seq.* (On Behalf of the State of California and the Aggrieved Employees)**

136.   To the extent that Paragraph 136 of the Consolidated Complaint incorporates and references other paragraphs of the Consolidated Complaint, RAC's answer to such paragraphs is incorporated herein by reference.

137.   RAC admits only that Plaintiffs purport to bring their Tenth Cause of Action under PAGA on behalf of themselves and alleged Aggrieved Employees.

138.   RAC admits only that Plaintiffs purport that the alleged Aggrieved Employees include all of TPI's non-exempt employees at "Rite Aid" retail stores in California from May 6, 2019 through the trial date.  RAC denies that it has, or ever had, any employees in California (or any other state).  RAC is solely a holding company.  RAC denies the remaining allegations in Paragraph 138 of the Consolidated Complaint.

/ / /

475800

139.   RAC denies the allegations in Paragraph 139 of the Consolidated Complaint.

140.   RAC denies the allegations in Paragraph 140 of the Consolidated Complaint.  RAC denies that IWC Wage Order 4-2001 applies to TPI employees working in "Rite Aid" retail stores.

141.   The allegations in Paragraph 141 of the Consolidated Complaint contain legal conclusions to which no answers are required.  To the extent answers are required, RAC denies the allegations in Paragraph 141 of the Consolidated Complaint.

142.   RAC denies the allegations in Paragraph 142 of the Consolidated Complaint.

## **PRAYER FOR RELIEF**

Answering Plaintiffs' prayer for relief, RAC lacks sufficient information to admit or deny the allegations regarding what forms of relief Plaintiffs seek. However, RAC denies that class treatment or representative treatment is appropriate and further denies that Plaintiffs, the putative class members and/or alleged Aggrieved Employees are entitled to damages in any amount or relief of any kind.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

1.   RAC is improperly named as a Defendant in Plaintiffs' Consolidated Complaint.  RAC never employed Plaintiffs, any putative class members or any alleged aggrieved employees.

## SECOND AFFIRMATIVE DEFENSE

2.   The Consolidated Complaint, and each and every purported claim

23

1    contained therein, fails to state facts sufficient to constitute a cause of action.

2

3                           THIRD AFFIRMATIVE DEFENSE

4          3.     RAC denies each and every allegation not expressly admitted herein.

5

6                           FOURTH AFFIRMATIVE DEFENSE

7          4.     The Consolidated Complaint, and each and every purported claim

8    contained therein, is barred in whole or in part by the applicable statute of

9    limitations, including but not limited to California Code of Civil Procedure Sections

10   337, 338, 339, 340, and 343, California Labor Code Sections 203, 226 and 2698, *et*

11   *seq.* and California Business and Professions Code Section 17208.

12

13                          FIFTH AFFIRMATIVE DEFENSE

14         5.     The Consolidated Complaint, and each and every purported claim

15   contained therein, is not proper for treatment as a class action because, among other

16   reasons:  (a) Plaintiffs are inadequate representatives of the purported class; (b)

17   Plaintiffs cannot establish commonality of claims; (c) Plaintiffs cannot establish

18   typicality of claims; and (d) the individualized nature of Plaintiffs' claims makes

19   class treatment inappropriate.

20

21                          SIXTH AFFIRMATIVE DEFENSE

22         6.     Plaintiffs' purported claim for violation of Business and Professions

23   Code Section 17200, *et seq.* is barred because provisions of Section 17200, *et seq.*

24   violate the Due Process clause of the United States Constitution.

25

26                          SEVENTH AFFIRMATIVE DEFENSE

27         7.     Plaintiffs' purported claim for violation of Business and Professions

28   Code Section 17200, *et seq.* is barred because Plaintiffs, as private litigants, lack

standing to bring a claim for damages under California Business and Professions Code Section 17203.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' purported claim for violation of Business and Professions Code Section 17200, *et seq.* is barred because the alleged unlawful business practices, if any, are not unlawful.

NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' purported claim for violation of Business and Professions Code Section 17200, *et seq.* is barred because the alleged unfair business practices, if any, are not unfair within the meaning of Business and Professions Code Section 17200, *et seq.*

TENTH AFFIRMATIVE DEFENSE

10.      The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

11.      The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of waiver.

TWELFTH AFFIRMATIVE DEFENSE

12.      The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

13.      The Consolidated Complaint, and each and every purported claim

475800

25

contained therein, is barred in whole or in part by the *de minimis* doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Consolidated Complaint, and each and every purported claim contained therein, is barred to the extent Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, consented to any alleged activity or conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    To the extent Plaintiffs and/or those similarly situated (and/or alleged aggrieved employees), if any, have entered into a release encompassing causes of action alleged in the Consolidated Complaint, their purported claims are barred by that release, including but not limited to the settlement release in *Virgie Toralba v. Rite Aid Corporation, et al.,* Case No. 37-2017-00041583-CU-OE-CTL.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, are barred from recovering because they do not have standing to assert the purported claims in the Consolidated Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    To the extent RAC is deemed Plaintiffs' employer, Plaintiffs' purported claims are barred, in whole or in part, because RAC had a reasonable, honest and good faith belief that all of the wages earned by Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, had been paid to Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, in a timely and lawful manner at the time they were owed.

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2    18.    To the extent RAC is deemed Plaintiffs' employer, Plaintiffs'

3    purported claims for penalties for purportedly providing inaccurate wage statements

4    are barred insofar as RAC's conduct, as alleged in the Consolidated Complaint, was

5    neither knowing nor intentional.

6

7

## NINETEENTH AFFIRMATIVE DEFENSE

8    19.    Although RAC denies that it has committed or has responsibility for

9    any act that could support the recovery of civil penalties in this lawsuit, if and to the

10   extent any such act or responsibility is found, recovery of civil penalties against

11   RAC is unconstitutional under numerous provisions of the United States

12   Constitution and the California Constitution, including the excessive fines clause of

13   the Eighth Amendment, the due process clauses of the Fifth Amendment and

14   Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth

15   Amendment, and other provisions of the United States Constitution, and the

16   excessive fines clause of Section 17 of Article I, the due process clause of Section 7

17   of Article I, the self-incrimination clause of Section 15 of Article I, and other

18   provisions of the California Constitution.

19

20

## TWENTIETH AFFIRMATIVE DEFENSE

21   20.    Plaintiffs and those similarly situated (and/or alleged aggrieved

22   employees), if any, have failed to mitigate their damages and, to the extent of such

23   failure, any damages awarded should be reduced accordingly.

24

25

## TWENTY-FIRST AFFIRMATIVE DEFENSE

26   21.    Plaintiffs and those similarly situated (and/or alleged aggrieved

27   employees), if any, are not entitled to any relief under California Labor Code

28   Section 1194 because, at all relevant times, Plaintiffs were not paid a wage less than

475800

27

the minimum wage fixed by any applicable Wage Orders of the California Industrial Welfare Commission or entitled to receive overtime compensation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiffs' claims for injunctive and other equitable relief are barred because Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, have an adequate and complete remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    To the extent RAC is deemed Plaintiffs' employer, and to the extent that Plaintiffs and/or those similarly situated (and/or alleged aggrieved employees), if any, are entitled to damages or penalties, RAC is entitled to a setoff/offset for any overpayments of wages or other consideration previously provided to Plaintiffs and/or those similarly situated, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The Consolidated Complaint, and each and every purported claim contained therein, is barred in whole or in part because Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, were exempt from the relevant provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    To the extent Plaintiffs allege a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiffs' employment and those similarly situated (and/or alleged aggrieved employees), if any, and/or the adjudication of such purported claims involves the interpretation or application of the CBA, the claims are preempted by section 301 of the Labor Management

475800

Relations Act, 29 U.S.C. § 185(a).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The Consolidated Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, have failed to exhaust their remedies pursuant to the collective bargaining agreement that governed their employment, and/or that collective bargaining agreement provides Plaintiffs and those similarly situated (and/or alleged aggrieved employees), if any, with their sole and exclusive remedy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     To the extent that Plaintiffs' purported claims are barred by the doctrine of res judicata and/or claim preclusion.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The Consolidated Complaint involves the same parties, the same subject matter and/or the same claims as other first filed and currently pending actions, such that dismissal or a stay is appropriate pursuant to exclusive concurrent jurisdiction and federal comity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiffs are not "aggrieved employees" for purposes of the Private Attorneys General Act ("PAGA") and, thus, lack standing to bring the PAGA claims alleged in the Consolidated Complaint.

/ / /

475800

29

1

THIRTIETH AFFIRMATIVE DEFENSE

2        30.    The Court has no jurisdiction over the subject matter of the

3 Consolidated Complaint, or parts thereof, because Plaintiffs have failed to exhaust

4 their administrative remedies.

5

6

THIRTY-FIRST AFFIRMATIVE DEFENSE

7        31.    To the extent RAC is deemed Plaintiffs' employer, Plaintiffs and those

8 similarly situated (and/or alleged aggrieved employees), if any, are barred from

9 recovering penalties pursuant to California Labor Code Section 203 because: (a)

10 Plaintiffs have failed to plead facts sufficient to support allegations of willfulness;

11 and (b) neither RAC nor any agent or employee of RAC acted willfully in failing to

12 pay wages due, if any, to employees who terminated their employment with RAC.

13

14

THIRTY-SECOND AFFIRMATIVE DEFENSE

15        32.    To the extent RAC is deemed Plaintiffs' employer, Plaintiffs' claim for

16 penalties pursuant to California Labor Code Section 203 are barred, in whole or in

17 part, because RAC had a reasonable, honest, and good faith believe that all of the

18 wages earned by Plaintiffs and those similarly situated (and/or alleged aggrieved

19 employees), if any, had been paid to Plaintiffs and those similarly situated, if any, in

20 a timely and lawful manner at the time they were owed.

21

22

THIRTY-THIRD AFFIRMATIVE DEFENSE

23        33.    Plaintiffs and those similarly situated (and/or alleged aggrieved

24 employees), if any, are not entitled to penalties or compensation under the

25 applicable Labor Code section(s) and/or Industrial Welfare Commission Wage

26 Order(s) because they were at all times authorized and permitted to take meal

27 periods but freely chose to forego or waive them.

28

1  <u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

2       34.     RAC reserves the right to assert additional affirmative defenses as

3  discovery proceeds and it becomes aware of additional facts and circumstances that

4  provide the basis for additional affirmative defenses.

5

6       WHEREFORE, RAC prays for judgment as follows:

7

8       1.     That Plaintiffs take nothing by reason of their Consolidated Complaint.

9

10       2.     That the Consolidated Complaint herein be dismissed in its entirety

11  with prejudice and that judgment be entered for RAC and against Plaintiffs.

12

13       3.     That RAC be awarded its reasonable costs and attorneys' fees; and

14

15       4.     For such other and further relief as the Court deems just and proper.

16

17  DATED:  January 20, 2021     KADING BRIGGS LLP

18       By: */s/ Sarah R. Mohammadi*

19            SARAH R. MOHAMMADI

20       Attorneys for Defendants

21       RITE AID CORPORATION and THRIFTY

22       PAYLESS, INC.

23

24

25

26

27

28

475800

RAC'S ANSWER TO CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

**PROOF OF SERVICE [F.R.C.P. § 5]**

2

STATE OF CALIFORNIA       )
                                 ) ss:

3

COUNTY OF ORANGE       )

4

     I am employed in the County of Orange, State of California.  I am over the age of

5

18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

6

     On **January 20, 2021**, I served the foregoing document(s) described as:

7

**DEFENDANT RITE AID CORPORATION'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties by:

8

9

Randall B. Aiman-Smith          Attorneys for Plaintiff MARION LEMONS
Reed W.L. Marcy               and the Class Members
Hallie Von Rock                Telephone: 510.817.2711

10

Carey A. James                 Facsimile:  510.562.6830
Brent A. Robinson              Email:  ras@asmlawyers.com

11

AIMAN-SMITH & MARCY    Email:  rwlm@asmlawyers.com
7677 Oakport St., Suite 1150    Email:  hvr@asmlawyers.com

12

Oakland, CA 94621            Email:  caj@asmlawyers.com
                           Email:  bar@asmlawyers.com

13

                           Email:  njd@asmlawyers.com
                           Email:  arc@asmlawyers.com

14

Carolyn Hunt Cottrell         Attorneys for Plaintiff DAVID RAMIREZ
Ori Edelstein                  Tel: (415) 421-7100

15

Ryan M. Hecht                Fax: (415) 421-7105
SCHNEIDER WALLACE      Email: ccottrell@schneiderwallace.com

16

COTTRELL KONECKY LLP   Email: oedelstein@schneiderwallace.com
2000 Powell Street, Suite 1400  Email: rhecht@schneiderwallace.com

17

Emeryville, CA 94608         Email: ksandoval@schneiderwallace.com
                           Email: vyasay@schneiderwallace.com

18

19

☒  **VIA ELECTRONIC SERVICE:**  I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

20

21

☐  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24

25

☒  **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

26

     Executed on **January 20, 2021** at Irvine, California.

27

28

**Valerie Beechler**