Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

Randall B. Aiman-Smith (SBN 124599)
Reed W.L. Marcy (SBN 191531)
Hallie Von Rock (SBN 233152)
AIMAN-SMITH & MARCY PC
7677 Oakport St. Suite 1150
Oakland, CA 94621
Tel: (510) 817-2711
Fax: (510) 562-6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com

*Attorneys for Plaintiffs and on behalf of
others similarly situated*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID RAMIREZ and MARION LEMONS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC., and DOES 1-10, inclusive.<br><br>        Defendants. | Case No. 2:20-cv-03531-GW-SKx (Consolidated with Case No. 2:20-cv-07617-GW-SKx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date: October 7, 2021<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. George H. Wu<br><br>Date Action Filed: April 16, 2020 |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*David Ramirez, et al. v. Rite Aid Corporation, et al.*

1    TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS

2    OF RECORD:

3    NOTICE IS HEREBY GIVEN that on October 7, 2021, at 8:30 a.m., or as soon

4    thereafter as the Court may hear them, in Courtroom 9D, 350 West 1st Street, 9th Floor,

5    Los Angeles, CA, 90012, Courtroom 9D, 9th Floor, before Hon. George H. Wu of the

6    United States District Court, Central District of California, Plaintiffs David Ramirez

7    and Marion Lemons, on behalf of themselves and all others similarly situated

8    ("Plaintiffs"), move the Court for preliminary approval of the Class Action and Private

9    Attorneys General Act Settlement Agreement and Release (the "Settlement Agreement"

10   or the "Settlement," attached as **Exhibit 1** to the accompanying Declaration of Carolyn

11   Hunt Cottrell). The Settlement resolves all of the claims in this action on a class basis.

12   In particular, Plaintiffs move for orders:

13       (1)    Granting preliminary approval of the Settlement Agreement;

14       (2)    Conditionally certifying the Settlement Class for settlement purposes;

15       (3)    Approving the proposed schedule and procedure for completing the final

16   approval process for the Settlement, including setting the Final Approval Hearing;

17       (4)    Approving the Class Notice as it pertains to the Settlement Class (attached

18   as **Exhibit A** to the Settlement Agreement);

19       (5)    Preliminarily appointing and approving Schneider Wallace Cottrell

20   Konecky LLP and Aiman-Smith & Marcy PC as Class Counsel for the Settlement Class;

21       (6)    Preliminarily approving Class Counsel's request for attorneys' fees and

22   costs;

23       (7)    Preliminarily appointing and approving Plaintiffs David Ramirez and

24   Marion Lemons as Class Representatives for the Settlement Class;

25       (8)    Preliminarily appointing and approving JND Legal Administration

26   ("JND") as the Settlement Administrator for the Settlement Class; and

27       (9)    Authorizing the Settlement Administrator to mail and email the approved

28

1    Class Notice to the Settlement Class as set forth in the Settlement Agreement.

2         Plaintiffs bring this Motion pursuant to Federal Rules of Civil Procedure 23(e).

3    The Motion is based on this notice, the following Memorandum of Points and

4    Authorities, the Declarations of Carolyn Hunt Cottrell and Hallie Von Rock, and all

5    other records, pleadings, and papers on file in the consolidated action and such other

6    evidence or argument as may be presented to the Court at the hearing on this Motion.

7    Plaintiffs also submit a Proposed Order Granting Preliminary Approval of Class Action

8    Settlement with their moving papers.

9

10   Date: September 9, 2021          Respectfully submitted,

11

12

13

14                                   

15   Carolyn Hunt Cottrell

     Ori Edelstein

16   Kristabel Sandoval
     SCHNEIDER WALLACE

17   COTTRELL KONECKY LLP

18
     Randall B. Aiman-Smith

19   Reed W.L. Marcy
     Hallie Von Rock

20   AIMAN-SMITH & MARCY PC

21
     Attorneys for Plaintiffs and on Behalf of Other

22   Similarly Situated

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................. 2

III.   PROCEDURAL HISTORY .................................................................... 3

     A.    Plaintiffs' Claims.............................................................. 3

     B.    Discovery.......................................................................... 4

     C.    Mediation......................................................................... 5

IV.   TERMS OF THE SETTLEMENT ......................................................... 5

     A.    Basic Terms and Value of the Settlement ........................ 5

     B.    Class Definition ................................................................ 7

     C.    Allocation and Awards ..................................................... 8

     D.    Scope of Release .............................................................. 9

     E.    Settlement Administration................................................ 9

V.    ARGUMENT....................................................................................... 10

     A.    The Court Should Grant Preliminary Approval of the Settlement..... 10

     B.    The Court Should Certify the Settlement Class ................................. 11

          1.    The Class Members are numerous and ascertainable................. 11

          2.    Plaintiffs' claims raise common issues of fact or law. .............. 12

          3.    Plaintiffs' claims are typical of the claims of the Class. ........... 12

          4.    Plaintiffs and Class Counsel will adequately represent the Class. ...................................................................................... 13

          5.    The Rule 23(b)(3) requirements for class certification are also met. ................................................................................ 13

     C.    The Settlement Should Be Preliminarily Approved Because It Is Fair, Reasonable, and Adequate.................................................... 15

          1.    The terms of the Settlement are fair, reasonable, and adequate. 16

          2.    The Parties' formal and informal discovery enabled them to make informed decisions regarding settlement. ..................... 17

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

3.   Litigating the Action not only would delay recovery, but would be expensive, time consuming, and involve substantial risk. ............................................................................ 18

4.   The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel. ... 19

D.   The Service Awards to Representative Plaintiffs are Reasonable ..... 20

E.   The Requested Attorneys' Fees and Costs are Reasonable ............... 21

F.   The Proposed Notice of Settlement and Claims Process Are Reasonable ........................................................................................ 23

G.   The Court Should Approve the Proposed Schedule ........................... 26

VI.   CONCLUSION ............................................................................................ 28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prod., Inc. v. Windsor*
   521 U.S. 591 (1997) ........................................................................... 15

*Balderas v. Massage Envy Franchising, LLP*
   2014 WL 3610945 (N.D. Cal. July 21, 2014) ............................................ 16

*Benton v. Telecom Network Specialists, Inc.*
   220 Cal.App.4th 701 (Cal. Ct. App. 2014) .............................................. 14

*Boyd v. Bechtel Corp.*
   485 F.Supp. 610 (N.D. Cal. 1979) ........................................................ 17

*Carter v. Anderson Merchandisers, LP*
   No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010) ...... 19

*Caudle v. Sprint/United Mgmt. Co.*
   No. C 17-06874 WHA, 2018 WL 6618280 (N.D. Cal. Dec. 18, 2018) ................ 11

*Churchill Village, LLC. v. Gen. Elec.*
   361 F.3d 566 (9th Cir. 2004) ........................................................ 15, 24

*Eisen v. Carlisle & Jacquelin*
   417 U.S. 156 (1974) ........................................................................... 23

*Fry v. Hayt, Hayt & Landau*
   198 F.R.D. 461 (E.D. Pa. 2000) ...................................................... 12, 13

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ..................................................... passim

*Ikonen v. Hartz Mountain Corp.*
   122 F.R.D. 258 (S.D. Cal. 1988) .......................................................... 11

*In re Activision Sec. Litig.*
   723 F.Supp. 1373 (N.D. Cal. 1989) ...................................................... 22

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*

    289 F.R.D. 526 (N.D. Cal. 2012) ............................................................................18

*In re Mego Fin. Corp. Sec. Litig.*

    213 F.3d 454 (9th Cir. 2000) ..................................................................................16

*In re Syncor ERISA Litig.*

    516 F.3d 1095 (9th Cir. 2008) ................................................................................16

*Kilbourne v. Coca-Cola Co.*

    No. 14CV984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015) ..............18

*Knight v. Red Door Salons, Inc.*

    2009 WL 248367 (N.D. Cal. 2009) .........................................................................22

*Laffitte v. Robert Half International, Inc.*

    1 Cal.5th 480 (2016) ..............................................................................................21

*Lewis v. Starbucks Corp.*

    No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .....17

*Ma v. Covidien Holding, Inc.*

    2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ..........................................................16

*Mangold v. Cal. Pub. Utils. Comm'n*

    67 F.3d 1470 (9th Cir. 1995) ..................................................................................21

*Monterrubio v. Best Buy Stores, L.P.*

    291 F.R.D. 443 (E.D. Cal. 2013) ............................................................................17

*Mullane v. Cent. Hanover Bank & Trust Co.*

    339 U.S. 306, 314 (1950) .......................................................................................24

*Noyes v. Kelly Servs., Inc.*

    2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008) ..............22

*Officers for Justice v. Civil Serv. Comm'n*

    688 F.2d 615 (9th Cir. 1982) .......................................................................15, 16, 17

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

*Phillips Petroleum Co. v. Shutts*
  472 U.S. 797 (1985) ............................................................................... 23
*Regino Primitivo Gomez, et al. v. H&R Gunlund Ranches, Inc.*
  No. CV F 10–1163 LJO MJS, 2011 WL 5884224 (E.D. Cal. 2011) ...................... 22
*Rodriguez v. Disner*
  688 F.3d 645 (9th Cir. 2012) ................................................................. 21
*Romero v. Producers Dairy Foods, Inc*
  235 F.R.D. 474 (E.D. Cal. 2006) ........................................................... 12
*Shaw v. AMN Healthcare, Inc.*
  326 F.R.D. 247 (N.D. Cal. 2018) ........................................................... 11
*Silber v. Mabon*
  18 F.3d 1449 (9th Cir. 1994) ................................................................. 24
*Staton v. Boeing Co.*
  327 F.3d 938 (9th Cir. 2003) ......................................................... 20, 22
*Stovall-Gusman v. W.W. Granger, Inc.*
  2015 WL 3776765 (N.D. Cal. June 17, 2015) ........................................... 16
*Van Liew v. North Star Emergency Services, Inc., et al.*
  No. RG17876878 (Alameda Cty. Super. Ct., Dec. 11, 2018) ..................... 20
*Van Vranken v. Atl. Richfield Co.*
  901 F. Supp. 294 (N.D. Cal. 1995) ...................................................... 20
*Vasquez v. Coast Valley Roofing*
  266 F.R.D. 482 (E.D. Cal. 2010) ........................................................... 22
*Viceral v. Mistras Grp., Inc.*,
  Case No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ........... 16
*Vizcaino v. Microsoft Corp.*
  290 F. 3d 1043 (9th Cir. 2002) ............................................................. 21

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

*Wang v. Chinese Daily News, Inc.*

  737 F.3d 538 (9th Cir. 2013)..................................................................12, 13

*Wren v. RGIS Inventory Specialists*

  No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............16, 19, 22

*Yokoyama v. Midland Nat. Life Ins. Co*.

  594 F.3d 1087 (9th Cir. 2010)..................................................................14

*York v. Starbucks Corp*.

  No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ......18

**Rules**

Fed. R. Civ. P. 23(a) ..................................................................10, 11, 12, 13

Fed. R. Civ. P. 23(b) ..................................................................11, 13, 14

Fed. R. Civ. P. 23(c) ..................................................................24

Fed. R. Civ. P. 23(e) ..................................................................10, 15

**Other Authorities**

Conte, Newberg on Class Actions

  § 8.21 (3rd Ed. 1992)..................................................................25

Conte, Newberg on Class Actions

  § 8.39 (3rd Ed. 1992)..................................................................24

Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class*

  *Action Settlement*

  § 21.61 (4th ed. 2004) ..................................................................10

Manual for Complex Litigation, Settlement Notice

  § 21.312 (4th ed. 2004) ..................................................................24

Posner, Economic Analysis of the Law

  (4th ed. 1992)..................................................................22

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs David Ramirez and Marion Lemons (collectively "Plaintiffs"), having reached a class-wide settlement with Defendants Rite Aid Corporation and Thrifty Payless, Inc. (collectively "Defendants"), seek preliminary approval of the Settlement. After nearly a year and a half of intense litigation, including formal discovery, depositions, amendments to the complaint, informal pre-mediation discovery including outreach to class members, and extensive arm's-length negotiations between counsel, the Parties have reached a global settlement of the Actions, memorialized in the proposed Class Action Settlement Agreement and Release ("Settlement").[1]

Plaintiffs brought this class and Private Attorneys General Act action on behalf of approximately 25,282 current and former hourly, non-exempt workers employed by Defendants in their retail stores in California (the "Class Members"). Plaintiffs contend that Defendants violated California wage and hour laws by failing to compensate Class Members for time spent undergoing security bag checks at the end of their shifts and when exiting the store for meal periods.

The Settlement resolves the Class claims for a total non-reversionary settlement of $9,000,000. The Settlement provides excellent average recoveries of approximately $228.92 per Settlement Class Member. With this Settlement, the Parties are resolving numerous wage and hour claims unlikely to have been prosecuted as individual actions. The Settlement is fair, reasonable, and adequate in all respects, and Plaintiffs respectfully request that the Court grant the requested approval.[2]

---

[1] The Settlement is attached as **Exhibit 1** to the accompanying Declaration of Carolyn Hunt Cottrell ("Cottrell Decl.") in Support of Plaintiffs' Motion for Preliminary Approval of Class and PAGA Representative Action Settlement.

[2] If the Court is inclined to decide this motion on the papers, the Parties would agree to proceed without a hearing.

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

## II.    FACTUAL BACKGROUND

Plaintiffs and Settlement Class Members are those individuals who, according to Thrifty Payless, Inc.'s ("TPI") personnel and payroll records, worked for TPI as a non-exempt associate in a Rite Aid retail store in California at any time during the period of April 16, 2016 through the date of the Court's order granting preliminary approval of this Settlement.  Cottrell Decl. ¶ 8. The Class is comprised of approximately 25,282 individuals. *Id*. Defendants operate a chain of drugstores throughout the United States, and approximately 550 stores in California. *Id* ¶ 9.

Plaintiffs allege that Class Members experience wage and hour violations in their work for Defendants. *Id* ¶ 10. In particular, Plaintiffs allege that Defendants routinely require their employees to wait in security-check lines and undergo security-checks while off-the-clock.  *Id* ¶ 11. Class Members are also subjected to searches while they are clocked out for unpaid periods purported by Defendants to be meal periods, resulting in meal periods of less than 30 minutes. *Id*. Class Members remain under Defendants' direction and control during these searches. *Id*. The time spent waiting for and undergoing these security-checks is compensable, but nevertheless goes unpaid. *Id*. This results in Defendants' failure to pay Class Members for all hours worked, including at the minimum wage and overtime rates, and failure to provide timely, legally compliant meal breaks to the Class Members. *Id*. It also results in derivative claims for Defendants' failure to pay all wages due on regularly scheduled paydays and at separation of employment, and failure to provide accurate itemized wage statements. *Id*.

As a result of these alleged violations, Plaintiffs allege that Defendants systematically violated the California Labor Code. Throughout the relevant time period, Plaintiffs allege that Defendants eschewed their obligations by (1) failing to pay Plaintiffs, Class Members, and Aggrieved Employees for all hours worked; (2) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all minimum wages owed;

(3) failing to pay Plaintiffs, Class Members, and Aggrieved Employees overtime wages; (4) failing to provide Plaintiffs, Class Members, and Aggrieved Employees lawful meal periods; (5) failing to provide Plaintiffs, Class Members, and Aggrieved Employees accurate, itemized wage statements; (6) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all wages due on regularly-scheduled paydays; and (7) failing to pay Plaintiffs, Class Members, and Aggrieved Employees all wages due at separation of employment.

Defendants have at all times denied, and continue to deny, all of these allegations, and deny any and all liability for Plaintiffs' claims. They further deny that Plaintiffs' allegations are appropriate for class and/or representative treatment for any purpose other than for settlement purposes.

## III. PROCEDURAL HISTORY

### A. Plaintiffs' Claims

Plaintiff David Ramirez filed his Class Action Complaint on April 16, 2020 and a First Amended Complaint on July 20, 2020 adding Thrifty Payless, Inc. as an additional defendant to the action. *See* ECF 1 and 23. Plaintiff Ramirez also filed a PAGA only action against Defendants on June 24, 2020. Plaintiff Marion Lemons filed her complaint on May 6, 2020, and then First Amended Class Action Complaint on July 31, 2020, in the United States District Court for the Northern District of California, seeking relief to represent a Class and PAGA Aggrieved Employees consisting of all individuals employed at any Rite Aid store in California as a non-exempt employee during the respective relevant time periods. *See* Case No. 2:20-cv-07617-GW-SK, Dkt Nos. 1 and 21.

Thereafter, the parties were ordered to file a consolidated complaint ("Consolidated Complaint"), which they did on December 30, 2020. *See* ECF 46. The Consolidated Complaint asserts claims for failure to pay for all hours worked, failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods,

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

failure to provide accurate itemized wage statements, waiting time penalties, failure to pay all wages due on regularly-scheduled paydays, violation of California Business and Professions Code Section 17200, and seeks an injunction and penalties under PAGA against Defendants based on time that associates allegedly spent waiting for and undergoing bag checks while off the clock. *Id.*

### B.    Discovery

The Parties discussed the potential for early mediation and ultimately agreed to mediate the action with well-respected mediator Jeff Ross on February 10, 2021. Cottrell Decl. ¶ 12.

The Parties engaged in extensive discovery, both formal and informal, throughout the litigation and in preparation for mediation. Cottrell Decl. ¶ 13. On September 23, 2020, Plaintiff Ramirez served written discovery, consisting of Requests for Production of Documents and Special Interrogatories, on each of the Defendants. *Id* ¶ 14. On October 27, 2020, Plaintiff Lemons also served written discovery, consisting of Requests for Production of Documents and Special Interrogatories, on each of the Defendants. Von Rock Decl. ¶ 4. The Parties also served a set of consolidated Requests for Production of Documents on or about December 9, 2020. Cottrell Decl., ¶ 14. Plaintiffs later served a second set of Requests for Production, and Plaintiffs Lemons served her interrogatories. *Id*.

Plaintiffs each also responded to several sets of discovery. *Id*. Plaintiffs were also each deposed in advance of mediation. *Id*.

In addition, Defendants informally provided documents and specific information Plaintiffs requested in order to prepare for mediation, including but not limited to payroll and timekeeping data for the Class Members and Aggrieved Employees, policy documents, contact information for a sampling of approximately 10% of the Class Members, and various figures and data points for the Class. *Id* ¶ 15. Class Counsel used this information to perform a detailed investigation of Defendants' timekeeping and

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

payroll policies and practices, which included numerous intake interviews with Class Members and a comprehensive damages analysis. *Id* ¶ 16.

For purposes of mediation, Plaintiffs also took a limited purpose Rule 30(b)(6) deposition of Defendants' representative. *Id* ¶ 17.

### C.   Mediation

The Parties participated in a full-day mediation with mediator Jeff Ross on March 12, 2021. *Id* ¶ 18.  With the assistance of Mr. Ross, who has vast experience mediating wage and hour disputes, counsel engaged in serious and arm's-length negotiations. *Id.* The case did not settle on the date of the mediation, and negotiations continued through Mr. Ross. *Id* ¶ 19. Ultimately, the Parties accepted a mediator's proposal, which culminated in an agreement in principle to settle for $9,000,000, on June 3, 2021. *Id* ¶ 20.

After the agreement to settle, counsel for the Parties extensively met and conferred over the detailed terms of the settlement for purposes of executing a long-form settlement agreement and worked to finalize the Settlement Agreement and corresponding notice documents, subject to the Court's approval. *Id* ¶ 21. Several drafts and revisions were circulated in order to arrive at the final settlement. *Id.* The Settlement Agreement was fully executed on September 9, 2021. *Id* ¶ 21.

## IV.   TERMS OF THE SETTLEMENT

### A.   Basic Terms and Value of the Settlement

Defendants have agreed to pay a non-reversionary Gross Settlement Amount of $9,000,000 to settle all aspects of the case. *Id* ¶ 23. The Net Settlement Amount is defined as the Gross Settlement Amount, less deductions for: Service Payment Awards to the Plaintiffs (not to exceed $10,000.00 each), attorneys' fees to Class Counsel (not to exceed 33.33%, or $2,999,700.00), Class Counsel costs (not to exceed $27,000.00), administrative expenses to the Settlement Administrator, JND Legal Administration ("JND"), (estimated at $98,023.00), and payment to the Labor & Workforce

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

Development Agency ("LWDA") for its 75% share of the PAGA penalties ($67,500.00).[3] *Id.*

The Gross Settlement Amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Class Counsel. *Id* ¶ 25. Class Counsel based their damages analysis and settlement negotiations on the discovery propounded, including payroll and timekeeping data. *Id.* Based on the analysis of the documents and data produced by Defendants and interviews with Class Members, Plaintiffs made reasonable assumptions regarding the wage and hour violation rates, including that Class Members' waiting for and undergoing the bag searches took an estimated 1 minute per shift. *Id* ¶ 26.

Using these assumptions and other datapoints derived from the timekeeping and payroll information, and interviews with Class Members, and further assuming that Plaintiffs and the Class Members would certify all of their claims and prevail at trial, Class Counsel calculated the total potential exposure if Plaintiffs prevailed on all of their claims at approximately $59,265,040.20. *Id* ¶27. The total amount of damages is broken down as follows:

Plaintiffs calculated the substantive unpaid wages and unpaid meal period premiums incurred as a result of the security checks at approximately $15,219,791. *Id* ¶ 28.

The Class Members also have derivative claims under the California Labor Code for waiting time penalties, wage statements, and PAGA penalties. *Id* ¶ 29. These claims

---

[3] The Parties agree to allocate $90,000.00 of the Gross Settlement Amount to the settlement of the PAGA claims, which the Parties believe in good faith is a fair and reasonable apportionment. The Settlement Administrator shall pay 75%, or $67,500.00, of this amount to the LWDA, and 25% remain as part of the Net Settlement Amount. *Id* ¶ 24. The Net PAGA Settlement Amount is to be divided equally amongst all PAGA Aggrieved Employees (i.e., Participating Class Members who worked for TPI as a non-exempt associate in a Rite Aid retail store in California at any time between April 20, 2019 and the date of preliminary approval). *Id.*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

are premised on, and rise and fall with, the substantive violations. *Id.* Plaintiffs' reasonable assessment for the total value of these derivative claims is approximately $44,045,250. *Id.* Totaling these estimated substantive and derivative damages across the Settlement Class yields the total estimated damages amount for the entire action of approximately $59,265.040. *Id.*

The Gross Settlement Amount of $9,000,000 represents more than 59% of the approximately $15,219,791 that Plaintiffs calculated for the substantive unpaid wages and meal break claims. *Id* ¶ 30. Factoring the derivative claims, the Gross Settlement Amount is more than 15% of the total estimated damages for all claims. *Id.* Again, these figures are based on Plaintiffs' assessment of a best-case-scenario.

The Settlement will result in immediate and certain payment to Class Members of meaningful amounts. *Id* ¶ 32. The average recovery is approximately $228.92 per Class Member (this amount divides the *net* Settlement Class recovery by total number of Class Members).[4] *Id*. This amount provides significant compensation to the Class Members, and the Settlement provides an excellent recovery in the face of expanding and uncertain litigation. *Id*. In light of all of the risks, the settlement amount is fair, reasonable, and adequate. *Id*.

**B.    Class Definition**

The Settlement Class to be certified for settlement purposes only under Federal Rule of Civil Procedure 23, includes: those individuals who worked for TPI as a non-exempt associate in a Rite Aid retail store in California at any time during the period of April 16, 2016 through the date of the Court's order granting preliminary approval of this Settlement.  Settlement Agreement ¶ 11.b.

---

[4] The averages provided here assume all Class Members participate in the Settlement and that each member worked identical lengths of employment.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

## C.   Allocation and Awards

The Net Settlement Amount to be paid to Class Members is approximately $5,787,777.00. Cottrell Decl. at ¶ 34. Class Members will receive a settlement award check without the need to submit a claim form. *Id* ¶ 35.  Participating Class Members shall be eligible to receive a share of the Net Settlement Amount based on their pro-rata percentage of workweeks (determined by dividing the number of weeks worked by the Participating Class Member during the Class Period, by the total number of weeks worked by all Participating Class Members during the Class Period), such that the Participating Class Members shall receive a dollar amount calculated by multiplying each of their respective percentages by the Net Settlement Amount.  Cottrell Decl. at ¶ 36; Settlement Agreement ¶ 14.

Settlement Awards shall be paid by the Settlement Administrator within 10 business days of the Payment Date.[5] Cottrell Decl. at ¶ 38. Settlement Award checks will remain valid for 180 days from the date of their issuance. Cottrell Decl. at ¶ 39; Settlement Agreement ¶ 28.g. After the 180 days, if the total residual amount is $100,000.00 or greater, a second distribution will occur on a *pro rata* basis to those Class Members who cashed their Settlement Award check.  Cottrell Decl. at ¶ 40; Settlement Agreement ¶ 33.a.ii. If the total residual amount of uncashed settlement checks is less than $100,000.00, then the amount will revert to Legal Aid at Work as a *cy pres* beneficiary. Cottrell Decl. at ¶ 40; Settlement Agreement ¶ 33.a.i. Legal Aid at Work is a nonprofit organization that provides legal services assisting low-income, working families and promotes better understanding of the conditions, policies, and institutions that affect the well-being of workers and their families and communities. Cottrell Decl. at ¶ 41.

---

[5] The Payment Date is the later of 14 days after the entry of judgment, 14 days after the last day to appeal (if an objection is made), or 14 days after judgment is affirmed following appeal.  Settlement Agreement ¶ 20.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

**D.    Scope of Release**

Upon the Final Approval by the Court, and subject to the exclusions described below, each Participating Class Member fully releases all claims that were raised in the litigation and all claims that could have been brought based on the facts alleged in the complaint. Cottrell Decl. at ¶ 42; Settlement Agreement ¶ 37. Participating Class Members also release their claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*., that are or could be based on the same factual allegations in the Consolidated Action. *Id.*

Plaintiffs also agree to a general release from all known and unknown claims they may have against the Released Parties. Cottrell Decl. at ¶ 44; Settlement Agreement ¶ 17, and Exhibits B & C.

This Settlement does not release any Class Member's claims as alleged in the operative complaint in *Kristal Nucci v. Rite Aid Corporation, et al*., United States District Court, Northern District of California, Case No. 19-CV-1434.  Cottrell Decl. at ¶ 45; Settlement Agreement ¶ 37.c.

**E.    Settlement Administration**

The Parties have agreed to use JND Legal Administration ("JND") to administer the Settlement, for total fees and costs currently estimated at $98,023.00. Cottrell Decl. ¶ 46-50 (describing settlement administration process). JND will distribute the Notices of Settlement via U.S. mail and email, re-mail any Notice Packets returned as non-deliverable but with forwarding addresses, and re-mail the Notice Packet to any new address obtained by way of skip-trace. Cottrell Decl. ¶ 48; Settlement Agreement ¶ 28.b. JND will also receive and process requests for exclusion forms and workweek disputes, calculate the settlement payments, calculate all applicable payroll taxes, withholdings, and deductions; and prepare and issue all disbursements to Participating Class Members, Service Awards to Plaintiffs, payment to the LWDA payment, payment to Class Counsel for fees and costs, and payment to itself for fees in administering the

1    settlement. Cottrell Decl. ¶ 49; Settlement Agreement ¶¶ 28-29.

2        JND will also create a website for the Settlement, which will allow Class

3    Members to view the Class Notice (in generic form), the Settlement Agreement, and all

4    papers filed by Class Counsel to obtain preliminary and final approval of the Settlement

5    Agreement. Cottrell Decl. ¶ 50; Settlement Agreement ¶ 28.c. The Settlement

6    Administrator will also establish a toll-free call center for telephone inquiries from

7    Class Members. *Id.*

8    **V.    ARGUMENT**

9        **A.   The Court Should Grant Preliminary Approval of the Settlement**

10       A certified class action may only be settled with court approval. *See* Fed. R. Civ.

11   P. 23(e). Court approval of a class action settlement requires three steps: (1) preliminary

12   approval of the proposed settlement upon a written motion; (2) dissemination of notice

13   of the settlement to all class members; and (3) a final settlement approval hearing at

14   which objecting class members may be heard, and at which evidence and argument

15   concerning the fairness, adequacy, and reasonableness of the settlement is presented.

16   Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action*

17   *Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed

18   settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler*

19   *Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action

20   settlements satisfy two primary prerequisites before a court may grant certification for

21   purposes of preliminary approval: (1) that the settlement class meets the requirements

22   for class certification if it has not yet been certified; and (2) that the settlement is fair,

23   reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020. As

24   discussed below, this class action settlement satisfies the requirements of Rule 23(a)

25   and (b), and it is fair, reasonable, and adequate in accordance with Rule 23(e)(2).

26   Cottrell Decl. ¶ 51. Accordingly, the Court should preliminarily approve the Settlement.

27   *Id.*

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

1

**B.      The Court Should Certify the Settlement Class[6]**

2

A class may be certified under Rule 23 if (1) the class is so numerous that joinder

3

of all members individually is "impracticable"; (2) questions of law or fact are common

4

to the class; (3) the claims or defenses of the class representative are typical of the claims

5

or defenses of the class; and (4) the person representing the class is able to fairly and

6

adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a).

7

Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may

8

only be maintained if "the court finds that the questions of law or fact common to class

9

members predominate over any questions affecting only individual members, and that

10

a class action is superior to other available methods for fairly and efficiently

11

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Applying this standard,

12

numerous cases similar to this case have certified classes of employees who have

13

suffered wage and hour violations under California wage and hour laws.[7] Likewise,

14

Plaintiffs contend that the Settlement Class meets all of these requirements.

15

**1.      The Class Members are numerous and ascertainable.**

16

The numerosity prerequisite demands that a class be large enough that joinder of

17

all members would be impracticable. Fed. R. Civ. P. 23(a)(1). Courts routinely find

18

numerosity satisfied with classes of at least forty members. *See, e.g., Ikonen v. Hartz*

19

*Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Romero v. Producers Dairy*

20

21

[6] Plaintiffs acknowledge that, in the event that the Settlement is not approved by the

22

Court, class certification would be contested by Defendants, and Defendants fully

23

reserve and do not waive any arguments and challenges regarding the propriety of class action certification.

24

[7] *See, e.g., Caudle v. Sprint/United Mgmt. Co.,* No. C 17-06874 WHA, 2018 WL

25

6618280, at *7 (N.D. Cal. Dec. 18, 2018) (certifying California Rule 23 class in a case asserting policy-driven wage violations); *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D.

26

247, 275 (N.D. Cal. 2018) (certifying California Rule 23 class in a case asserting policy-

27

driven off-the-clock, overtime, and meal and rest break violations, in joint employment context).

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

*Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006). The approximately 25,282 Class Members render the class so large as to make joinder impracticable. Cottrell Decl. ¶ 52. The Class Members are readily identifiable from Defendants' payroll records. *Id.*

### 2.    Plaintiffs' claims raise common issues of fact or law.

The commonality requirement of Rule 23(a)(2) "is met if there is at least one common question or law or fact." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000). Plaintiffs "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

Plaintiffs contend that common questions of law and fact predominate here. The wage and hour violations at issue are borne of Defendants' standardized policies, practices, and procedures regarding security check and/or bag checks that Defendants impose, creating pervasive issues of fact and law that are amenable to resolution on a class-wide basis. *Id.* Class Members are subject to the same: timekeeping, payroll, compensation, security check, and meal period policies and practices. *Id.* Plaintiffs' other derivative claims will rise or fall with the primary claims. *Id.* Because these questions can be resolved at the same juncture, Plaintiffs contend the commonality requirement is satisfied for the Class. *Id.*

### 3.    Plaintiffs' claims are typical of the claims of the Class.

"Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the members of the class." *Fry*, 198 F.R.D. at 468. "[A] representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiffs contend that their claims are typical of those of all other Class Members. Cottrell Decl. ¶ 55. They were subject to the alleged illegal policies and practices that form the basis of the claims asserted in this case. *Id.* Interviews with Class Members

1  and review of documents and data confirm that the employees throughout California

2  were subjected to the same alleged illegal policies and practices to which Plaintiffs were

3  subjected. *Id* ¶ 56. Thus, Plaintiffs contend that the typicality requirement is also

4  satisfied. *Id.*

### 4. Plaintiffs and Class Counsel will adequately represent the Class.

7  To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiffs

8  must show "(1) that the putative named plaintiff has the ability and the incentive to

9  represent the claims of the class vigorously; (2) that he or she has obtained adequate

10  counsel, and (3) that there is no conflict between the individual's claims and those

11  asserted on behalf of the class." *Fry*, 198 F.R.D. at 469. Plaintiffs' claims are in line

12  with the claims of the Class Members, and Plaintiffs' claims are not antagonistic to the

13  claims of Class Members. Cottrell Decl. ¶ 57. Plaintiffs have prosecuted this case with

14  the interests of the Class Members in mind. *Id.* Moreover, Class Counsel has extensive

15  experience in class action and employment litigation, including wage and hour class

16  actions, and do not have any conflict with the Class. *Id* ¶¶ 5-7, 58; Von Rock Decl. ¶

17  20.

### 5. The Rule 23(b)(3) requirements for class certification are also met.

20  Under Rule 23(b)(3), Plaintiffs must demonstrate that common questions

21  "predominate over any questions affecting only individual members" and that a class

22  action is "superior to other available methods for fairly and efficiently adjudicating the

23  controversy." "The predominance analysis under Rule 23(b)(3) focuses on 'the

24  relationship between the common and individual issues' in the case and 'tests whether

25  proposed classes are sufficiently cohesive to warrant adjudication by representation.'"

26  *Wang,* 737 F.3d at 545.

27

28

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

1   Here, Plaintiffs contend the common questions raised in this action predominate
2   over any individualized questions concerning the Class Members. Cottrell Decl. ¶ 59.
3   The Class is entirely cohesive because resolution of Plaintiffs' claims hinge on the
4   uniform policies and practices of Defendants, rather than the treatment the Class
5   Members experienced on an individual level. *Id.* Namely, the predominate questions
6   relate to whether Class Members are entitled to be compensated for the time spent
7   undergoing security checks.  As a result, Plaintiffs contend that the resolution of these
8   alleged class claims would be achieved through the use of common forms of proof, such
9   as Defendants' policies, and would not require inquiries specific to individual Class
10  Members.[8] *Id.*

11  Further, Plaintiffs contend that the class action mechanism is a superior method
12  of adjudication compared to a multitude of individual suits. *Id* ¶ 60. To determine
13  whether the class approach is superior, courts are to consider: (A) the class members'
14  interests in individually controlling the prosecution or defense of separate actions; (B)
15  the extent and nature of any litigation concerning the controversy already begun by or
16  against class members; (C) the desirability or undesirability of concentrating the
17  litigation of the claims in the particular forum; and (D) the likely difficulties in
18  managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

19  Here, the Class Members do not have a strong interest in controlling their
20  individual claims. Cottrell Decl. ¶ 61. The action involves thousands of workers with
21  very similar, but relatively small, claims for monetary injury. *Id*. If the Class Members

---

[8] Although the amount of time worked off-the-clock during security checks and number of missed meal periods may vary, these are damages questions and should not impact class certification. *Yokoyama v. Midland Nat. Life Ins. Co*., 594 F.3d 1087, 1094 (9th Cir. 2010). The fact that individual inquiry might be necessary to determine whether individual employees were able to take breaks despite the Defendant's allegedly unlawful policy is not a proper basis for denying certification. *Benton v. Telecom Network Specialists, Inc.*, 220 Cal.App.4th 701 (Cal. Ct. App. 2014).

proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. *Id.* Thus, Plaintiffs contend that the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation and arbitrations. *Id.*

The issues raised by the present case are much better handled collectively by way of a settlement. *Id* ¶ 62. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement presented by the Parties provides finality, ensures that workers receive redress for their relatively modest claims, and avoids clogging the legal system with numerous cases. Cottrell Decl. ¶ 63. Accordingly, class treatment is efficient and warranted, and the Court should conditionally certify the Class for settlement purposes. *Id.*

### C.    The Settlement Should Be Preliminarily Approved Because It Is Fair, Reasonable, and Adequate

In deciding whether to approve a proposed class settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Lynn's Food Stores*, 679 F.2d at 1354-55; *Otey*, 2015 WL 6091741, at *4. Included in this analysis are considerations of: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026). Importantly, courts

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

apply a presumption of fairness, where, as is the case here, "the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the proposed settlement is fair, reasonable, and adequate.

> **1.     The terms of the Settlement are fair, reasonable, and adequate.**

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 459 (9th Cir.2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g.*, *Officers for Justice,* 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, Case No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value).[9] A review of the Settlement Agreement reveals the fairness, reasonableness, and adequacy of its terms. Cottrell Decl. ¶ 64. The Gross Settlement Amount of $9,000,000, represents more than 59% of the approximate $15,219,791 that Plaintiffs calculated for the substantive unpaid wages and meal break violation claims. *Id.* When including the derivative claims and potential PAGA penalties that would have been owed to all Class Members, the Gross Settlement Amount represents more than 15% of the approximate total exposure.

---

[9] *See also Stovall-Gusman v. W.W. Granger, Inc.*, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising, LLP*, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Ma v. Covidien Holding, Inc.*, 2014 WL 360196, at *4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness).

1    *Id*. Again, these figures are based on Plaintiffs' assessment of a best-case-scenario. *Id*
2    ¶ 65. To obtain such a result at trial(s), Plaintiffs would have to prove that each Class
3    Member worked off-the-clock for at least 1 minute during each security check, endured
4    meal break violations, and that Defendants acted knowingly or in bad faith. *Id.* These
5    figures would of course be disputed and hotly contested. *Id*.

6    The final settlement amount takes into account the substantial risks inherent in
7    any class action wage and hour case, as well as the procedural posture of the Actions
8    and the specific defenses asserted by Defendants, many of which are unique to this case.
9    *Id* ¶ 66*; see Officers for Justice*, 688 F.2d at 623. The result is within the reasonable
10   standard when considering the difficulty and risks presented by pursuing further
11   litigation. *Id*.

12              **2.    The Parties' formal and informal discovery enabled them to**
13                      **make informed decisions regarding settlement.**

14   The amount of discovery completed prior to reaching a settlement is important
15   because it bears on whether the Parties and the Court have sufficient information before
16   them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F.Supp.
17   610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-
18   DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also
19   assist parties with "form[ing] a clear view of the strengths and weaknesses of their
20   cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

21   The Parties engaged in extensive discovery that has enabled both sides to assess
22   the claims and potential defenses in this action, including formal and informal written
23   discovery, as well as the depositions of both Plaintiffs as well as of Defendants. Cottrell
24   Decl. ¶¶ 12-17, 67; Von Rock Decl. ¶ 4. This allowed the Parties to accurately assess
25   the legal and factual issues that would arise if the case proceeded to trial. *Id*. In addition,
26   in reaching this Settlement, Class Counsel relied on their substantial litigation
27   experience in similar wage and hour class actions. *Id* ¶¶ 5-7, 68. Class Counsel's

28

liability and damages evaluation was premised on a careful and extensive analysis of the effects of Defendants' compensation policies and practices on Class Members' pay. *Id* ¶ 69. Ultimately, facilitated by mediator Jeff Ross, the Parties used this information and discovery to fairly resolve the litigation. *Id* ¶ 70.

### 3. Litigating the Action not only would delay recovery, but would be expensive, time consuming, and involve substantial risk.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. Cottrell Decl. ¶ 71. If the Action were to go to trial as a class action, the fees and costs would certainly exceed the fees and costs requested here. *Id* ¶ 72. Litigating the class action claims would require substantial additional preparation and discovery. *Id.* It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*

Recovery of the damages and penalties previously referenced would also require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of developments in wage and hour and class action law as well as the legal and factual grounds that Defendants have asserted to defend this action. *Id* ¶ 73. Off-the-clock claims may pose difficulty to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker.[10] In addition, certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony. *Id* ¶ 74. While Plaintiffs are confident that they would establish that common policies

---

[10] *See, e.g., In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), aff'd, No. 17-17533, 2019 WL 4898854 (9th Cir. Oct. 4, 2019); *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

and practices give rise to the off-the-clock work for Class Members, Plaintiffs face the risk that the Court would decline to certify the Class altogether, or for at least some claims. *Id* ¶ 75.

In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and very substantial recovery for the Class Members. *Id* ¶ 76. Such a result will benefit the Parties and the court system. *Id*. It will bring finality to the Action and will foreclose the possibility of expanding litigation. *Id.*

### 4. The Settlement is the product of informed, non-collusive, and arm's-length negotiations between experienced counsel.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. Furthermore, where counsel are well-qualified to represent the proposed class in a settlement based on their extensive class action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

Here, the settlement was a product of non-collusive, arm's-length negotiations. Cottrell Decl. ¶ 77. The Parties participated in a lengthy mediation session before Jeff Ross, a skilled mediator with many years of experience mediating employment matters. *Id.* The Parties then spent several weeks discussing settlement and negotiating the settlement agreement, with several rounds of edits related to the terms and details of the Settlement. *Id* ¶ 78. Plaintiffs are represented by experienced and respected class action litigators who feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id* ¶ 79.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

**D.     The Service Awards to Representative Plaintiffs are Reasonable**

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).[11]   The service payments of up to $10,000 for Plaintiffs are intended to compensate them for the critical role they played in this case, including but not limited to responding to discovery and sitting for their depositions, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class Members. Cottrell Decl. ¶ 80; Von Rock Dec. ¶¶ 17-19. In agreeing to serve as Class representatives, these individuals formally agreed to accept the responsibilities of representing the interests of all Class Members. Cottrell Decl. ¶ 81. Defendants do not oppose the requested payments to these representatives as reasonable service awards. *Id* ¶ 82.

Moreover, the enhancement payments are fair when compared to the payments approved in similar cases. *See, e.g.*, *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304 (N.D. Cal. Oct. 23, 2019) (approving $15,000 and $10,000 service awards in recent hybrid FLSA/Rule 23 settlement); *Guilbaud v. Sprint/United Management Co., Inc.*, No. 3:13-cv-04357-VC, Dkt. No. 181 (N.D. Cal. Apr. 15, 2016) (approving $10,000 service payments for each class representative in FLSA and California state law representative wage and hour action); *Van Liew v. North Star Emergency Services, Inc., et al.*, No. RG17876878 (Alameda Cty. Super. Ct., Dec. 11, 2018) (approving $15,000 and $10,000 service awards, respectively, to class representatives in California Labor Code wage and hour class action).

---

[11] "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (named plaintiff received $50,000 for work in class action).

1

### E.    The Requested Attorneys' Fees and Costs are Reasonable

2

In their fee motion to be submitted with the final approval papers, Class Counsel

3 will request a percentage of the common fund, up to 33.33% of the Gross Settlement

4 Amount, or $2,999,700.00, plus reimbursement of costs up to $27,000. Cottrell Decl. ¶

5 83. At final approval, Class Counsel will provide detailed lodestar information to show

6 the requested fee is reasonable under both the percentage method and a lodestar "cross-

7 check." *Id* ¶ 84.

8

At final approval, Plaintiffs will present the factors that district courts in the Ninth

9 Circuit normally consider in awarding attorney's fees, including: (1) the results

10 achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the

11 contingent nature of the fee and the financial burden carried by the plaintiffs; and (5)

12 awards made in similar cases. *See Vizcaino v. Microsoft Corp.,* 290 F. 3d 1043, 1048-

13 50 (9th Cir. 2002).  These factors will support the requested fee award.[12]

14

In California, federal and state courts customarily approve payments of attorneys'

15 fees amounting to one-third of the common fund in comparable wage and hour class

16 actions. *See, e.g., Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-

17 00251-VC, ECF 304 (N.D. Cal. Oct. 23, 2019) (approving attorneys' fees of one-third

18 of the gross settlement in recent hybrid FLSA/Rule 23 settlement); *Regino Primitivo*

19

---

[12] When a district court exercises diversity jurisdiction over a case consisting of

20 exclusively California claims, as here, California substantive law applies to the

21 calculation of the attorney fee award.  *See Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d

1470, 1478-1479 (9th Cir. 1995) (finding state law to be applicable in "in determining

22 not only the right to fees, but also the method of calculating the fees."); *see also*

23 *Rodriguez v. Disner*, 688 F.3d 645, 653 fn. 6 (9th Cir. 2012) ("If … we were exercising

24 our diversity jurisdiction, state law would control whether an attorney is entitled to fees

and the method of calculating such fees").  Here, Plaintiffs' claims arise exclusively

25 from California law.  Accordingly, the Court should apply the method for calculating

26 attorney's fees as set forth by California jurisprudence.  *See, e.g., Laffitte v. Robert Half*

*International, Inc.,* 1 Cal.5th 480, 503-506 (2016) (percentage method with a lodestar

27 crosscheck is appropriate in common fund cases).

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

*Gomez, et al. v. H&R Gunlund Ranches, Inc.*, No. CV F 10–1163 LJO MJS, 2011 WL 5884224 (E.D. Cal. 2011) (approving attorneys' fees award equal to 45% of the settlement fund); *Wren,* 2011 WL 1230826 (approving attorneys' fee award of just under 42% of common fund). These awards fall within the typical range of acceptable attorneys' fees in the Ninth Circuit of 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark. *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491-492 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Hanlon*, 150 F.3d at 1029; *Staton*, 327 F.3d at 952.[13]

In this case, given the excellent results achieved and the effort expended litigating the Actions, such an upward adjustment from the benchmark is warranted. Cottrell Decl. ¶ 85. There was no guarantee of compensation or reimbursement. *Id.* Rather, counsel undertook all the risks of this litigation on a completely contingent fee basis. *Id.* These risks were front and center. *Id.* Defendants' vigorous and skillful defense further confronted Class Counsel with the prospect of recovering nothing or close to nothing for their commitment to and investment in the case. *Id.*

Nevertheless, Plaintiffs and Class counsel committed themselves to developing and pressing Plaintiffs' legal claims to enforce the employees' rights and maximize the class recovery. *Id* ¶ 86. During the litigation, counsel had to turn away other less risky cases to remain sufficiently resourced for this one. *Id.* The challenges that Class Counsel had to confront and the risks they had to fully absorb on behalf of the class here are precisely the reasons for multipliers in contingency fee cases. *See, e.g.*, *Noyes v. Kelly Servs., Inc.,* 2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008); Posner, Economic Analysis of the Law, 534, 567 (4th ed. 1992) ("A contingent fee must

---

[13] The exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Id.* (citing *Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. 2009); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%")).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

be higher than a fee for the same legal services paid as they are performed… because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans").

Attorneys who litigate on a wholly or partially contingent basis expect to receive significantly higher effective hourly rates in cases where compensation is contingent on success, particularly in hard-fought cases where, like in the case at bar, the result is uncertain. Cottrell Decl. ¶ 87. This does not result in any windfall or undue bonus. *Id.* In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client rightfully expects that his or her compensation will be significantly greater than if no risk was involved (*i.e.,* if the client paid the bill on a monthly basis), and that the greater the risk, the greater the "enhancement." *Id.* Adjusting court-awarded fees upward in contingent fee cases to reflect the risk of recovering no compensation whatsoever for hundreds of hours of labor simply makes those fee awards consistent with the legal marketplace, and in so doing, helps to ensure that meritorious cases will be brought to enforce important public interest policies and that clients who have meritorious claims will be better able to obtain qualified counsel. *Id.*

The amount of fees and costs requested are clearly set forth in the Notice. *Id* ¶ 88. Accordingly, Plaintiffs respectfully request the Court preliminarily approve the terms of the settlement, including the request for fees and costs. *Id* ¶ 89. Any objections by Class Members to the request for fees and costs may be considered by the Court at final approval. *Id* ¶ 90.

### F.   The Proposed Notice of Settlement and Claims Process Are Reasonable

The Court must ensure that Class Members receive the best notice practicable under the circumstances of the case. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). Procedural due process does not guarantee any particular procedure but rather requires only notice

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

1  reasonably calculated "to apprise interested parties of the pendency of the action and
2  afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank*
3  *& Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir.
4  1994). A settlement notice "is satisfactory if it 'generally describes the terms of the
5  settlement in sufficient detail to alert those with adverse viewpoints to investigate and
6  to come forward and be heard.'" *Churchill Village LLC*, 361 F.3d at 575.

7       The Notice of Settlement, attached as **Exhibit A** to the Settlement Agreement, is
8  "the best notice practicable." Cottrell Decl. ¶ 91; Fed. R. Civ. P. 23(c)(2)(B). All Class
9  Members have been identified and the Notice of Settlement will be mailed directly to
10 each Class Member, and emailed to those for whom Defendants have an email address.
11 Cottrell Decl. ¶ 92. The proposed Notice is clear and straightforward, and provides
12 information on the nature of the action and the proposed, the terms and provisions of
13 the Settlement Agreement, and the monetary awards that the Settlement will provide
14 Class Members. *Id.* In addition, the Parties will provide a settlement website that
15 provides a generic form of the Notice, the Settlement Agreement, and other case related
16 documents and contact information. *Id* ¶ 93.

17      The proposed Notice fulfills the requirement of neutrality in class notices. *Id* ¶
18 94; *See* Conte, Newberg on Class Actions, § 8.39 (3rd Ed. 1992). It summarizes the
19 proceedings necessary to provide context for the Settlement Agreement and summarizes
20 the terms and conditions of the Settlement, including an explanation of how the
21 settlement amount will be allocated between the Named Plaintiffs, Class Counsel, the
22 Settlement Administrator, and the Class Members, in an informative, coherent and easy-
23 to-understand manner, all in compliance with the Manual for Complex Litigation's
24 recommendation that "the notice contain a clear, accurate description of the terms of
25 the settlement." Cottrell Decl. ¶ 94; Manual for Complex Litigation, Settlement Notice
26 § 21.312 (4th ed. 2004).

27

28

The Notice of Settlement clearly explains the procedures and deadlines for requesting exclusion from the Settlement and objecting to the Settlement, as well as the consequences of taking or foregoing the various options available to Class Members, and the date, time and place of the Final Approval Hearing. Cottrell Decl. ¶ 95. Pursuant to Rule 23(h), the proposed Notice of Settlement also sets forth the amount of attorneys' fees and costs sought by Plaintiff, as well as an explanation of the procedure by which Class Counsel will apply for them. *Id.* The Notice of Settlement clearly states that the Settlement does not constitute an admission of liability by Defendants. *Id* ¶ 96. Accordingly, the Notice of Settlement complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Conte, Newberg on Class Actions, §§ 8.21 and 8.39 (3rd Ed. 1992); Manual for Complex Litigation, Certification Notice, § 21.311; Settlement Notice, § 21.312 (4th ed. 2004).

Furthermore, reasonable steps will be taken to ensure that all Class Members receive the Notice. Cottrell Decl. ¶ 97. Before mailing, Defendants will provide to the Settlement Administrator an electronic database containing contact information for each Class Member. *Id.* Before mailing the Notice of Settlement, the Settlement Administrator shall perform a search based on the National Change of Address Database information to update and correct for any known or identifiable mailing address changes. *Id.* Within 10 days of receipt of the electronic database from Defendants, the Settlement Administrator will mail the Notice of Settlement to each Class Member, and email it to those Class Members for whom email addresses are available. *Id.*

With respect to Notices returned as undelivered, the Settlement Administrator will re-mail any Notices returned to the Settlement Administrator with a forwarding address following receipt of the returned mail. *Id* ¶ 98. If any Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

will undertake reasonable efforts to search for the correct address, including skip tracing, and will promptly re-mail the Notice of Settlement to any newly found address. *Id*.

Class Members will have 30 days from the mailing of the Notice of Settlement to request exclusion or object to the Settlement. *Id* ¶ 99. Any Class Member who does not submit a timely request to exclude themselves from the Settlement will be deemed a Participating Class Member. *Id.* At least 10 days prior to the final approval hearing, the Administrator shall provide the Court with a declaration of due diligence and proof of mailing with regard to the mailing of the Notice Packet, and all attempts to locate Class Members. *Id* ¶ 100.

Because the proposed Notice of Settlement clearly and concisely describes the terms of the Settlement and the awards and obligations for Class Members who participate, and because the Notice will be disseminated in a way calculated to provide notice to as many Class Members as possible, the Notice of Settlement should be preliminarily approved. *Id* ¶ 101.

### G.   The Court Should Approve the Proposed Schedule.

The Settlement Agreement contains the following proposed schedule, which Plaintiffs respectfully request this Court approve:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to the Class | |
| Deadline for Defendants to pay the Administrator all amounts awarded and approved by the Court ("Payment Date") | The latest of: <br> • 14 calendar days following the entry of a Judgment finally approving this Settlement <br> • If an objection is filed, 14 calendar days after any deadline to file an appeal has expired |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

| | |
|---|---|
| | • If an appeal has been taken or sought, 14 calendar days after the Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or judicial review, or the date the appeal(s) or reviews are finally dismissed |
| Deadline for Defendants to provide to Administrator with electronic database of Class Members | Within 30 calendar days of the Court's Preliminary Approval Order |
| Deadline for Administrator to mail and email the Class Notice to Class Members | Within 10 business days after Administrator receives the Class List |
| Deadline for Settlement Class Members to submit challenges regarding number of workweeks worked | Within 30 days after Notice is initially mailed to the class |
| Deadline for Settlement Class Members to postmark request to opt-out or file objections to the Settlement | Within 30 days after Notice is initially mailed to the class |
| Deadline for Administrator to provide the Court with a declaration attesting to completion of the notice process | At least 10 days prior to the Final Approval Hearing |
| Deadline for filing of Final Approval Motion | According to Local Rule 6-1 |
| Final Approval Hearing | To be set by the Court |
| Effective Date | Upon execution by all Parties, Class Counsel, Defendants' counsel, and Final Approval from the Court, following Notice to Class Members and a formal fairness hearing and entry of a final judgment by the Court |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

| Deadline for Administrator to make all payments due under the Settlement | Within ten (10) business days of the Payment Date |
|---|---|
| Check-cashing deadline | 180 days after issuance |
| Deadline for Administrator to either distribute uncashed check funds to *cy pres* recipient or redistribute such funds | As soon as practicable after check-cashing deadline |
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any remaining monies to Class Members who cashed their Settlement Award check or to the *cy pres* recipient |
| Deadline for Plaintiff Ramirez to dismiss with prejudice the *Ramirez* PAGA action, | Within 5 days of the Court entering Judgment as to the Consolidated Action |

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant preliminary approval of the Settlement Agreement, in accordance with the schedule set forth herein.


Date: September 9, 2021                    Respectfully submitted,


_____

Carolyn Hunt Cottrell
Ori Edelstein
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Randall B. Aiman-Smith
Reed W.L. Marcy
Hallie Von Rock

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

AIMAN-SMITH & MARCY PC

Attorneys for Plaintiffs and on Behalf of Other
Similarly Situated

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on September 9, 2021. Service will be accomplished on all parties by the Court's CM/ECF system.

Dated: September 9, 2021

_____
Carolyn Hunt Cottrell

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION AND PAGA REPRESENTATIVE ACTION SETTLEMENT
*Ramirez, et al. v. Rite Aid Corporation, et al.*