JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAMIREZ and MARION LEMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC., and DOES 1-10, inclusive.<br><br>Defendants. | Case No. CV 20-3531-GW-SKx (Consolidated with Case No. 2:20-cv-07617-GW-SKx)<br><br>**FINAL APPROVAL ORDER**<br><br>Date: May 5, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. George H. Wu<br><br>Date Action Filed: April 16, 2020 |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Class Action and Private Attorneys General Act Settlement Agreement and Release (the "Settlement Agreement" or the "Settlement," attached as **Exhibit 2** to the Revised Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Representative Settlement (ECF 61-1)) and all capitalized terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein. The terms of Settlement are fully incorporated in this Order as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members (including those who did not timely exclude themselves from the Class), and PAGA Aggrieved Employees.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class solely for the purpose of entering a settlement in this matter:

> Those individuals who, according to TPI's [Thrifty Payless, Inc.'s] personnel and payroll records, worked for TPI as a non-exempt associate in a Rite Aid retail store in California at any time during the period of April 16, 2016 through October 12, 2021.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Order and the accompanying Judgment. The Parties agree that based on the representations of the appointed Claims Administrator that the Class Members who submitted a valid and timely Request for Exclusion pursuant to the Settlement are as follows: Mary Hassanein, Jeanette Brown, Jennifer Bowyer, Moon Sung, Rosalinda Saenz, Denae Lopez, Anna Krykun, Mark Collins, Alana Isakovic, Nona Noroyan,

Hovhannes Hakobyan, Gayle Sommer, Rodrigo Garcia, Karen Robertson, Perla Aispuro Vidana and Maria Vallejo.

    5.    For settlement purposes only, the Court finds:

        (a)    Pursuant to Federal Rule of Civil Procedure 23(a), David Ramirez and Marion Lemons are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Consolidated Action.  Accordingly, the Court hereby appoints David Ramirez and Marions Lemons as class representatives;

        (b)    The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the Consolidated Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of the common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

        (c)    Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.  Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

    6.    Persons who filed timely Requests for Exclusion are not bound by this Order and the accompanying Judgment or the terms of the Settlement, relating to the class claims, and may pursue their own individual remedies against Defendants. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement.  PAGA Aggrieved Employees who filed timely exclusion requests are bound by the terms of the Settlement relating to the

Private Attorneys General Act ("PAGA") claim and, if eligible, will receive their pro rata allocation of the Net PAGA Settlement Amount.

7. The payment of $67,500 in civil penalties under the Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 et seq.) to the Labor and Workforce Development Agency ("LWDA") for the LWDA's share of the penalties alleged by Plaintiffs and compromised under the Settlement is fair and reasonable.

8. The Court directed that notice be given to Class Members by mail and electronic mail pursuant to the notice process proposed by the Parties in the Settlement and approved by the Court. (ECF 62). The declaration from JND Legal Administration ("JND"), attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order, ECF 62. The Class Notice advised Class Members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Order and the accompanying Judgment, whether favorable or unfavorable, to the Class.

9. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

10. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Jeffrey Ross, Esq. There were no objections to the Settlement and approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will

further the interests of justice.

11. As more fully set forth in the Settlement (including the Release of Claims, which is fully set forth in Paragraph 37), upon the Effective Date of this Final Approval Order, the named Plaintiffs and each Class Member, other than those who filed valid Requests for Exclusion, shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendants, their present, former, and future parents, subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers and attorneys (collectively hereafter, the "Released Parties") from any and all claims, debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs, expenses, attorneys' fees, damages, interest, liquidated damages, penalties, loss of wages, actions, causes of action and any other relief (of whatever kind or nature, whether known or unknown) that were asserted in the *Ramirez* Class Action, the *Lemons* Class and PAGA Action, the *Ramirez* PAGA Action and/or the Consolidated Action or could have been asserted based on the same factual predicates contained in the *Ramirez* Class Action, the *Lemons* Class and PAGA Action, the *Ramirez* PAGA Action and/or the Consolidated Action from April 16, 2016 through the February 24, 2022, including but not limited to claims for violations of California and/or federal law pertaining to (1) failure to pay for all hours worked; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to authorize and permit and/or make available meal periods; (5) failure to provide accurate itemized wage statements; (6) waiting time penalties; (7) failure to pay all wage due on regularly scheduled paydays; (8) violation of California Business and Professions Code; (9) injunctive relief pursuant to California Business and Professions Code; and (10) PAGA civil penalties to the extent based on the nine immediately preceding and identified issues in Subsections (1)-(9). This release

includes but is not limited to claims for violations of California Labor Code §§ 200, 201, 202, 203, 204, 204b, 210, 221, 223, 224, 225.5, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1174.5, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2698 et seq., all provisions of the California Industrial Welfare Commission Wage Orders that provide the same protection(s) as the statutes and regulations listed immediately above, and California Business and Professions Code Sections 17200, et seq. (to the extent based on the same protections as provided by each of the statutes listed immediately above). Participating Class Members expressly release their claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., that are or could be based on the same factual allegations in the Ramirez Class Action, the Lemons Class and PAGA Action, the Ramirez PAGA Action and/or Consolidated Action. (All together collectively, "Released Claims"). In addition, Plaintiffs shall be deemed to have waived all of their rights and protections under California Civil Code Section 1542 as to any claims against the Released Parties, as set forth more fully in their individual General Releases.

12. All Class Members who have not timely and validly submitted Requests for Exclusion are bound by this Order and the accompanying Judgment and by the terms of the Settlement, and all such Class Members shall be forever barred from pursuing any of the Released Claims as set forth in the Settlement Agreement against the Released Parties.

13. Notice of Class Counsel's request for an award of attorney's fees, reimbursement of litigation expenses, and incentive compensation was provided in the Notice disbursed to Class Members. No objections to the requested amounts were made by any Class Members. Class Members were given a full opportunity to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard.

14. The Plaintiffs in this Action initiated this lawsuit, acted to protect the

Class, and assisted their counsel.  Their efforts have produced the Settlement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class.  Plaintiff David Ramirez and Plaintiff Marion Lemons are each entitled to a service award of $10,000, for total incentive awards in the amount of $20,000.

15.   Class Counsel is entitled to reasonable attorney's fees, which the Court finds to be $2,700,000, and expenses in the amount of $27,031.60.  This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Schneider Wallace Cottrell Konecky LLP and Aiman-Smith & Marcy PC are reasonable, that the estimated hours expended are reasonable, and that the multiplier is reasonable in light of the above.  The attorney's fees and expenses awarded herein shall be divided between Schneider Wallace and Aiman-Smith & Marcy and shall only be distributed by JND Legal Administration upon joint instructions from both law firms.

16.   Claims administrator JND Legal Administration is entitled to $112,741 for settlement administration costs.

17.   Any settlement checks that have not been cashed or deposited after 180 days will be cancelled.  If the total residual amount of uncashed settlement checks is less than One Hundred Thousand Dollars and Zero Cents ($100,000.00), then the amount will revert to *cy pres*.  The Court approves Legal Aid at Work as the *cy pres* recipient.  If the total residual amount of uncashed settlement checks is more than One Hundred Thousand Dollars and Zero Cents ($100,000.00) then there will be a second distribution to Participating Class Members who cashed their Settlement Award

check, and will be on a pro rata basis as provided in Paragraph 14 of the Settlement. Any uncashed checks following the redistribution will revert to *cy pres,* regardless of the amount.

18. Good cause appearing, the Court hereby approves the following implementation schedule:

| | |
|---|---|
| Effective Date | Upon the Court ordering Final Approval and entering final judgment |
| Deadline for Defendants to pay the Administrator all amounts awarded and approved by the Court ("Payment Date") | The latest of:<br>• 14 calendar days following the entry of a Judgment finally approving this Settlement<br>• If an objection is filed, 14 calendar days after any deadline to file an appeal has expired<br>• If an appeal has been taken or sought, 14 calendar days after the Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or judicial review, or the date the appeal(s) or reviews are finally dismissed |
| Deadline for Administrator to make all payments due under the Settlement | Within ten (10) business days of the Payment Date |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Administrator to either distribute uncashed check funds to *cy pres* recipient or redistribute such funds | As soon as practicable after check-cashing deadline |
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within 21 days after the distribution of any remaining monies to Class Members who cashed their Settlement Award check or to the *cy pres* recipient |
| Deadline for Plaintiff Ramirez to dismiss with prejudice the *Ramirez* PAGA action | Within 5 days of the Court entering Judgment as to the Consolidated |

| and for Plaintiffs to sign their General Releases. | Action. |

19. The Court enters this judgment consistent with the above and the Parties' Settlement Agreement.

**IT IS SO ORDERED.**

Dated: May 19, 2022

*/s/ George H. Wu*

HON. GEORGE H. WU,
United States District Judge

Submitted by:

Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@Schneiderwallace.com
oedelstein@Schneiderwallace.com
ksandoval@schneiderwallace.com

Randall B. Aiman-Smith (SBN 124599)
Reed W.L. Marcy (SBN 191531)
Hallie Von Rock (SBN 233152)
AIMAN-SMITH & MARCY PC
7677 Oakport St. Suite 1150
Oakland, CA 94621
Tel: (510) 817-2711
Fax: (510) 562-6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com

*Attorneys for Plaintiffs and on behalf of others similarly situated*